**UNITED STATES of America**

**v.**

**The TRAVELERS INSURANCE COMPANY.**

No. 2:89cv271 (AVC).

United States District Court,
D. Connecticut.

Nov. 24, 1992.

Carl J. Schuman, U.S. Attorney's Office, Hartford, CT, Shereen J. Charlick and Genevieve Holm, U.S. Dept. of Justice, Civ. Div., Commercial Litigation, Washington, DC, for plaintiff.

Janet C. Hall, Frank F. Coulom, Jr., Robinson & Cole, Hartford, CT, Grace A. Bateman and W. Bruce Shirk, Seyfarth, Shaw, Fairweather & Geraldson, Washington, DC, for defendant.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT AS TO LIABILITY

COVELLO, District Judge.

### I. INTRODUCTION

This is an action by the United States (Government) against The Travelers Insurance Company (The Travelers) seeking reimbursement of payments made under the Medicare Act, 42 U.S.C. § 1395y(b) *et seq.* for which The Travelers is allegedly liable

pursuant to 42 U.S.C. § 1395y(b).[1] The issues presented are: (1) whether the Government has an independent cause of action against The Travelers pursuant to 42 U.S.C. § 1395y(b) *et seq.*, the so-called Medicare secondary payer (MSP) provisions, which is separate and distinct from the Government's statutory right of subrogation set forth in the same statutes; and (2) whether The Travelers, when acting as an administrator of an employer health plan, must reimburse the Government for claims paid by Medicare that should have been paid by a primary payer.

The court concludes that the Government has a direct right of recovery against The Travelers pursuant to 42 U.S.C. § 1395y(b) that is separate and distinct from its right of subrogation and, therefore, with respect to this issue, grants the Government's motion for summary judgment (document # 126) and denies The Travelers' cross motion for summary judgment (document # 133).

The court further concludes that the Government does not have a claim against The Travelers when the insurer acts in the capacity of an administrator of an employer group health plan and, therefore, with respect to this issue, the court denies the Government's motion for summary judgment and grants The Travelers' cross motion for summary judgment.

## II. STANDARD AND FINDING OF APPLICABILITY

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In the present instance, the court concludes that the controversy is one of law and that material facts are not in dispute. The matter is therefore determinable under the summary judgment procedure.

## III. BACKGROUND AND FACTS

The United States administers the Medicare program through the Health Care Financing Administration, an agency of the Department of Health and Human Services. The Health Care Financing Administration administers Medicare through "fiscal agents" that act as "intermediaries" and "carriers" between hospitals and physicians and the Health Care Financing Administration. The Travelers is a Medicare intermediary and carrier as well as a private insurer and third party administrator of group health plans.

"From its inception until 1980, Medicare was the primary source of payment for the medical expenses for nearly all of its beneficiaries. [Typically,] ... Medicare was the 'primary' payer of health care benefits and [employer group health plans (EGHP's)] were 'secondary' payers, liable only for the costs that remained after Medicare made its payments. Accordingly, most insurance companies' contracts with EGHP's only covered 'secondary' costs.

"In 1981, Congress enacted the Medicare Secondary Payer Statute ("MSP statute") in an effort to reduce federal spending and to protect the financial well being of the Medicare program. *See* 42 U.S.C. § 1395y.... The MSP statutory scheme applies to Medicare beneficiaries who have alternative sources of payment for health care services, such as insurance or an EGHP, and requires those alternate sources to pay health costs 'primary' to Medicare. The intent of this statute was to cut the costs of the Medicare program by requiring that Medicare pay 'secondary' to alternate sources." *Blue Cross and Blue Shield Ass'n. v. Sullivan,* 794 F.Supp. 1166, 1168–69, (D.D.C. 1992). Any Medicare payment is "conditioned on reimbursement" to Medicare "when notice or other information is received that payment ... has been or could be made under a [group health] plan." 42 U.S.C.

---

1. The statutes at issue here are 42 U.S.C. § 1395y(b)(3) (now codified at § 1395y(b)(1)(A) (1989)) (concerning the working aged); 42 U.S.C. § 1395y(b)(2) (now codified at § 1395y(b)(1)(C) (1989)) (concerning end stage renal disease); and 42 U.S.C. § 1395y(b)(4) (now codified at § 1395y(b)(1)(B) (1989)) (concerning disabled active individuals)

§ 1395y(b)(2).[2] The construction of the statutes creating the mechanism by which the Government can recover conditional Medicare payments is the focal point of this litigation.

The statutes at issue are codified at 42 U.S.C. § 1395y(b)(2)–(4). Each of these statutes contains similar provisions setting forth legal remedies available to the Government in instances where another entity had been primarily responsible for the medical service provided. Each statute provided: [3]

> In order to recover payment made under this title for an item or service, *the United States may bring an action against any entity which would be responsible for payment* with respect to such item or service (or any portion thereof) under such a law, policy, plan, or insurance, or against any entity (including any physician or provider) which has been paid with respect to such item or service under such law, policy, plan, or insurance, and may join or intervene in any action related to the events that gave rise to the need for such item or service. *The United States shall be subrogated* (to the extent of payment made under this title for an item or service) *to any right of an individual or any other entity to payment* with respect to such item or service under such a law, policy, plan, or insurance.

42 U.S.C. § 1395y(b)(2)–(4) (emphasis added).

## IV. CROSS MOTIONS ON DIRECT RIGHT OF RECOVERY

The Government argues that the Medicare secondary payer provision, 42 U.S.C. § 1395y(b), grants it an independent right of action against The Travelers to recover conditional Medicare payments separate from the Government's right of subrogation contained in the same statute. The Travelers contends that the Government is limited to a right of subrogation that arises only when The Travelers assumes financial responsibility for funding plan benefits.

The court agrees with the Government's contention that the Medicare secondary payment provisions grant the Government an independent right of recovery against The Travelers separate from its right of subrogation. 42 U.S.C. § 1395y(b)(2) describes two separate and distinct recovery rights. The first is the direct right of recovery found in the language that states: "[T]he United States may bring an action against any entity which would be responsible for payment. . . ." 42 U.S.C. § 1395y(b)(2). This right is different from the right of subrogation described in the language that states: "The United States shall be subrogated (to the extent of payment made under this title for an item or service) to any right of an individual or any other entity to payment with respect to such item or service under such a law, policy, plan, or insurance." 42 U.S.C. § 1395y(b)(2). The court declines to interpret the statute so as to render the direct right of recovery mere surplusage. It is an "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative." *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985). Here, "[t]o read the statute as solely providing the Government with a right of subrogation would give effect only to the sentence dealing with the right of subrogation." *Provident Life & Accident Ins. Co. v. United States*, 740 F.Supp. 492, 501 (E.D.Tenn.1990). *See United States v. Blue Cross and Blue Shield of Michigan*, 726 F.Supp. 1517, 1522 (E.D.Mich.1989).

## V. CROSS MOTIONS ON LIABILITY OF INSURER AS ADMINISTRATOR

Self-insured employers pay for their own medical costs and therefore do not buy insurance from a carrier in such instances. Instead, they contract with an administrator to process, administer, and pay claims on behalf of the employer from the employer's funds. The Medicare secondary payer statute, 42 U.S.C. § 1395y(b)(2), states that the "United States may bring an action against any entity which would be responsible for

---

**2.** Now codified at § 1395y(b)(2)(B)(i) (1989).

**3.** Now codified at 42 U.S.C. § 1395y(b)(2)(B)(ii) (1989).

payment" under the employer group health plan.

The Travelers contends that the Government cannot seek recovery for Medicare payments from it under circumstances in which it acts as the administrator of an employer group health plan because it is the employer and not the administrator that bears the ultimate responsibility for payment. The Travelers further argues that the claims in issue were never presented to it for payment and that it cannot be held liable for improperly filed claims when it had no obligation under § 1395y to advise customers or their employees of proper claim filing procedures. The Travelers asserts that the Government had only itself to blame for the improperly filed claims because it only recently began monitoring whether persons submitting claims to Medicare had insurance that should have been primary to Medicare.

The Government, on the other hand, argues that § 1395y(b)(2) should be interpreted broadly to include administrators because they process claims and arrange for payment with the employer's funds. The Government asserts that the claims in issue would have been presented to The Travelers first instead of directly to Medicare but for the negligence of The Travelers in failing to educate claimants as to the proper claims filing procedure and, therefore, The Travelers is liable for payment in such instances.

The Government relies on *Blue Cross and Blue Shield Association v. Sullivan,* 794 F.Supp. 1166 (D.D.C.1992) in which the court concluded that third party administrators, as well as insurers, are subject to a Government recovery action. In arriving at this conclusion, that court determined that § 1395y(b)(2) was ambiguous and therefore relied upon the interpretation of the statute found in the agency regulations, 42 C.F.R. § 411.24; 54 Fed.Reg. No. 195 at 41738–40 (Oct. 11, 1989). The regulations state:

> (e) **Recovery from third parties.** HCFA has a direct right of action to recover from any entity responsible for making primary payment. This includes an employer, an insurance carrier, plan, or program, and a third party administrator.... [P]arty administrators, insurers, and underwriters

submit claims and make payment decisions on a day-to-day basis, often without direct involvement of the entity (such as the employer) that may ultimately be responsible for payment. Accordingly, it is appropriate for Medicare to recover directly from the third party administrator or insurer, and leave that entity to seek whatever recourse is available to it under its contract or other arrangement.

■ If a statute is clear and unambiguous, courts must give effect to Congress' unambiguously expressed intent, and cannot pay deference to a contrary agency interpretation. *See K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291–92, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313 (1987); *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.); *Southeastern Community College v. Davis,* 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979); *Ohio v. Department of Health and Human Services,* 761 F.2d 1187 (6th Cir.1985) (while agency's interpretation of statute is entitled to deference, court bears the ultimate responsibility for interpreting federal statutes); *Provident Life and Accident Ins. Co. v. United States,* 740 F.Supp. at 504.

"A plain reading of the statute ... supports the view that the United States' right to recover for primary payments wrongfully withheld is directed at those who are responsible to actually make the payments, i.e., the 'self-insured' employer plan itself, and not those who merely undertake to administer the payment process." *United States v. Blue Cross and Blue Shield of Michigan,* 726 F.Supp. at 1521–22. The Government is unable to point to any portion of § 1395y(b) that directly or inferentially imposes upon a third party administrator the duty to educate claimants as to the proper claims filing procedure.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (docu-

ment # 126) and The Travelers's cross motion for summary judgment (document # 133) are both granted in part and denied in part.

The court concludes that the Government has a direct right of recovery against The Travelers that is separate from its right of subrogation and, therefore, with respect to this issue, grants the Government's motion for summary judgment and denies The Travelers' cross motion for summary judgment.

The court further concludes that the Government does not have a claim against The Travelers when the insurer acted in the capacity of an administrator of an employer group health plan and, therefore, with respect to this issue, the court denies the Government's motion for summary judgment and grants The Travelers' cross motion for summary judgment.

SO ORDERED.