Florence **ZINMAN; Virginia Kropf; Grace M. Lee; Marjorie Thompson; Mary Buffalo; Cecil A. Ridley and Ada G. Ellman, individually and on behalf of a class of persons similarly situated, Plaintiffs–Appellants,**

v.

**Donna E. SHALALA, Secretary, Health and Human Services, Defendant–Appellee.**

No. 94–15198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1995.

Decided Oct. 5, 1995.

Sally Hart Wilson, Center for Medical Advocacy, Tucson, Arizona, and Lenore E. Gerard, Legal Assistance to the Elderly, Inc., San Francisco, California, for plaintiffs-appellants.

Matthew M. Collette, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: H. CHOY, BEEZER and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

A nationwide class of Medicare beneficiaries who received or will receive lump-sum insurance settlement awards from third parties in connection with Medicare-covered injuries (beneficiaries) appeal the district court's grant of summary judgment in favor of the Secretary of Health and Human Services (HHS). The beneficiaries sued HHS, claiming that under Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et seq.*, HHS is required to reduce pro rata its recovery of conditional Medicare payments when the beneficiaries' liability settlements are less than their total damages. We have jurisdic-

tion under 28 U.S.C. §§ 1291 and 1294, and we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This is a class action challenging HHS's interpretation and implementation of the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. § 1395, *et seq.* As first enacted, Medicare was the primary payer for medical services supplied to a beneficiary, even when such services were covered by other insurance such as an employer group health plan or liability insurance. Responding to skyrocketing Medicare costs, Congress in 1980 enacted the Medicare Secondary Payer legislation (MSP legislation), requiring Medicare to serve as the secondary payer when a beneficiary has overlapping insurance coverage. 42 U.S.C. § 1395y(b).

Under the MSP legislation, when a Medicare beneficiary suffers an injury covered by a group health plan or liability, workers' compensation, automobile, or no-fault insurance, Medicare conditionally pays for the beneficiary's medical expenses. 42 U.S.C. § 1395y(b)(2)(B)(i). If the beneficiary receives a settlement from the primary insurer, Medicare is entitled to reimbursement from the beneficiary for its conditional outlays. 42 U.S.C. § 1395y(b)(2)(B)(ii). HHS has interpreted the MSP legislation to allow full recovery of conditional Medicare payments even when the beneficiary's settlement is for less than her total damages (*i.e.,* a discounted settlement). This interpretation is set forth in 42 C.F.R. § 411.24(c). This regulation provides in pertinent part that the Health Care Financing Administration "may recover an amount equal to the Medicare payment or the amount payable by the third party, whichever is less." *Id.*

In November 1990, several individual beneficiaries brought suit against HHS challenging the agency's interpretation of the MSP legislation. These plaintiffs were later certified as a class by the district court. They sought an injunction which would require HHS to reduce proportionately its recovery when a beneficiary received a discounted settlement from a third party.

The district court granted HHS's motion for summary judgment. This appeal followed, raising the issue whether HHS is entitled to recover up to the full amount of its conditional Medicare payments when a beneficiary receives a discounted settlement from a third party.

The following hypothetical case illustrates the issue. Assume an accident victim receives a $50,000 settlement. This is the limit of the third-party tortfeasor's liability policy. The victim alleged damages of $80,000 in medical expenses (of which Medicare paid $50,000); $20,000 in property damage; $40,000 in lost wages; and $60,000 in pain and suffering. The total claim for damages is $200,000.

In this hypothetical case, is HHS entitled to recover its entire $50,000 outlay (minus its portion of attorney fees and costs), or must it apportion its recovery, reducing it in proportion to the plaintiff's partial recovery of her total damages claim? The victim in the hypothetical example recovered only 25% of her claim. According to the beneficiaries' construction of the statute, HHS should recover no more than 25% of its $50,000 outlay ($12,500).

According to HHS's construction of the statute, HHS is entitled to recover its entire $50,000, less applicable attorney fees and costs under 42 C.F.R. § 411.37, subject only to the possibility of a full or partial hardship waiver under 42 U.S.C. § 1395gg(c).[1]

## DISCUSSION

■ We review a grant of summary judgment de novo. *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir. 1994). Within this de novo framework, an agency's construction of a statute is reviewed

1. HHS is required by the Social Security Act to waive recovery in cases where recovery would cause financial hardship to the beneficiary or otherwise be "against equity and good conscience." 42 C.F.R. § 1395gg(c). *See also* 42 C.F.R. § 411.28. There is no issue of waiver before us. We mention it only because HHS concedes that the waiver provisions of 42 U.S.C. § 1395gg(c) and 42 C.F.R. § 411.28 act as a safety valve to provide relief from an otherwise harsh or inequitable result.

in two steps under the standard established in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). *See also Brandt–Erichsen v. United States Dep't of Interior,* 999 F.2d 1376, 1379 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 92, 130 L.Ed.2d 43 (1994).

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly spoken to the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron,* 467 U.S. at 842–43, 104 S.Ct. at 2781–82.

■ The beneficiaries argue that on its face the MSP legislation mandates apportioned rather than full recovery of conditional Medicare payments when a beneficiary receives a discounted settlement. The beneficiaries contend that the MSP legislation's use of the phrase "item or service" specifically limits Medicare's right to reimbursement. The beneficiaries point to 42 U.S.C. § 1395y(b)(2)(B)(i) which provides: "Any payment under this subchapter with respect to any *item or service* ... shall be conditioned on reimbursement ... when notice or other information is received that payment for such *item or service* has been or could be made ... [under a workers' compensation law, liability or no fault insurance]." 42 U.S.C. § 1395y(b)(2)(B)(i) (emphasis added). The beneficiaries also rely on 42 U.S.C. § 1395y(b)(2)(B)(ii) which provides: "In order to recover payment under this subchapter for such an *item or service,* the United States may bring an action against any entity which is required or responsible under this subsection to pay with respect to such *item or service* (or any portion thereof) under a primary plan ..., or against any other entity ... that has received payment ... with respect to the *item or service....*" 42 U.S.C. § 1395y(b)(2)(B)(ii) (emphasis added). Because Medicare's recovery is tied to payments for "item[s] and service[s]," the beneficiaries argue that Congress intended to limit Medicare's right to reimbursement to the extent that a beneficiary's settlement actually covers the "item[s] or service[s]" for which Medicare paid.

It is clear from the statute that the references to "item or service" are intended to define the payments for which Medicare has a right to reimbursement. Nothing in this language, however, compels the conclusion that Congress intended to limit the amount of recovery for a conditionally paid "item or service" to a proportionate share of a discounted settlement. The beneficiaries' reliance on 42 U.S.C. §§ 1395y(b)(2)(B)(i) and (ii) is misplaced.

■ The beneficiaries also rely on the subrogation provisions of the MSP legislation. Under 42 U.S.C. § 1395y(b)(1), the United States is subrogated to the rights of individuals or other entities arising under the MSP legislation. This right of subrogation gives HHS the right to be put in the legal position of the beneficiary in order to recover from third parties who are legally responsible to the beneficiary for a loss.

As the beneficiaries note, the right of subrogation is equitable in nature and generally requires application of the equitable principle of apportionment. Under this equitable principle, a subrogated right holder is limited to recovery of the proportion of its loss for which third-party reimbursement is actually received. *See* 6A *Appleman's Insurance Law & Practice,* § 4054 (1990). Because HHS is a subrogee, the beneficiaries argue, its recovery must be limited to the pro rata share of an insurance settlement which includes payment for medical expenses. We disagree.

The MSP legislation does not confine the HHS's right of reimbursement to its right of subrogation. The statute grants HHS an

independent right of recovery against any entity that is responsible for payment of or that has received payment for Medicare-related items or services, including the beneficiary herself. *See* 42 U.S.C. § 1395y(b)(2)(B)(ii). This independent right of recovery is separate and distinct from HHS's right of subrogation, *see United States v. Travelers Ins. Co.*, 815 F.Supp. 521, 523 (D.Conn.1992); *Provident Life & Accident Ins. Co. v. United States*, 740 F.Supp. 492, 501 (E.D.Tenn.1990), and is not limited by the equitable principle of apportionment stemming from the subrogation right. Moreover, to define Medicare's right to recover its conditional payments solely by reference to its right of subrogation would render superfluous the alternative remedy of the independent right of recovery contained in section 1395y(b)(2)(B)(ii). We decline to construe the statute in a way that would render clear statutory language superfluous. *See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985).

We reject the beneficiaries' contention that HHS's recovery is limited by the equitable principle of apportionment applicable to the right of subrogation.

■ Finally, the beneficiaries argue that the "Coordination of Benefits" provision of the MSP legislation requires a proportionate reduction of Medicare's recovery of conditional payments when a beneficiary receives a discounted settlement. We reject this argument.

The coordination of benefits provision of the MSP legislation provides in pertinent part: "Where payment for an item or service by a primary plan is less than the amount of the charge for such item or service and is not payment in full, payment may be made under this title ... for the remainder of such charge...." 42 U.S.C. § 1395y(b)(4). Nothing in this language limits Medicare's right of full reimbursement. This provision merely provides that Medicare may pay for covered medical expenses not paid by primary insurance. With regard to the amount of reimbursement available to Medicare, whether full or apportioned, the statute is silent.

Although the beneficiaries proffer creative constructions of the MSP legislation, we conclude the statute does not address the issue of apportioned recovery of conditional Medicare payments, either by its language or by its structure.

Because Congress has not "directly spoken to the precise question at issue," *Chevron*, 467 U.S. at 842, 104 S.Ct. at 2781, we turn to the second step of the *Chevron* analysis and consider whether HHS's construction of the MSP statute is a permissible one. *Id.* at 843, 104 S.Ct. at 2782. If HHS's construction is "rational and consistent with the statute," it is a permissible construction and we will uphold it. *NLRB v. United Food & Commercial Workers Union*, 484 U.S. 112, 123, 108 S.Ct. 413, 421, 98 L.Ed.2d 429 (1987).

Reading the MSP legislation to allow full reimbursement of conditional Medicare payments even though a beneficiary receives a discounted settlement from a third party is a rational construction of the statute. It is also consistent with the statute's purpose. The transformation of Medicare from the primary payer to the secondary payer with a right of reimbursement reflects the overarching statutory purpose of reducing Medicare costs. *See also* H.R.REP. NO. 1167, 96th Cong., 2d Sess. 352 (1980), *reprinted in* 1980 U.S.C.C.A.N. 5526, 5717 (congressional intent motivating MSP legislation was to reduce Medicare costs). A full recovery of conditional payments will reduce such costs.

HHS's construction also provides a practical and economical way for Medicare to recover its conditional payments. In the hypothetical case discussed above, the injured victim alleged a variety of damages, some capable of precise computation, some not. Such allegations are not uncommon. HHS's ability to recover the full amount of its conditional payments, regardless of a victim's allegations of damages, avoids the commitment of federal resources to the task of ascertaining the dollar amount of each element of a victim's alleged damages.

The beneficiaries argue that ascertaining the dollar amounts of a victim's elements of damages is not a prohibitive burden. They remind us that HHS accepts apportionment

of conditional Medicare payments in workers' compensation cases involving particularized components of damages. *See* 42 C.F.R. § 411.47.

We reject this argument because it analogizes workers' compensation cases to tort cases. The analogy is inapt. Workers' compensation schemes generally determine recovery on the basis of a rigid formula, often with a statutory maximum. *See* Larson, *The Law of Workmen's Compensation*, Vol. 1, § 1.10 at 1–2, § 2.20 at 1–10 (1993). Apportionment in workers' compensation settlements therefore involves a relatively simple comparison of the total settlement to the measure of damages allowed for individual components of the settlement, pursuant to a prescribed formula. Tort cases, in contrast, involve noneconomic damages not available in workers' compensation cases, and a victim's damages are not determined by an established formula. Apportionment of Medicare's recovery in tort cases would either require a factfinding process to determine actual damages or would place Medicare at the mercy of a victim's or personal injury attorney's estimate of damages.

## CONCLUSION

The MSP legislation is unclear as to whether HHS is entitled to full reimbursement of conditional Medicare payments when a beneficiary receives a discounted settlement from a third party. HHS has construed the legislation to permit it to recover up to the full amount of its conditional Medicare payments. This is a permissible construction of the statute. Accordingly, we uphold this construction, and affirm the district court's summary judgment in favor of HHS.

AFFIRMED.