Carolyn BOOZE and Kearston Leder and Michael Dacko, her husband, and David Krebs and Kathleen Harrer and Sander Harrer, h/w, and Jodi Sussman and Gregory Sutton and Lynette Thurston and Edward Peters, as individuals and on behalf of all others similarly situated, Appellants,

v.

ALLSTATE INSURANCE COMPANY and Colonial Insurance of California and Nationwide Mutual Insurance Company and Erie Insurance Company and State Farm Mutual Automobile Insurance Company and Tico Insurance Company and Nationwide Mutual Fire Insurance Company, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 16, 2000.

Filed April 12, 2000.

Edwin P. Smith, Philadelphia, for appellants.

Mark J. Levin, Philadelphia, for Allstate, appellee.

James C. Haggerty, Philadelphia, for Nationwide, appellee.

Melissa L. Walsh, Philadelphia, for Erie Ins., appellee.

Wayne A. Schaible, Philadelphia, for State Farm, appellee.

Robert T. Veon, Philadelphia, for Tico, appellee.

Before CAVANAUGH and BECK, JJ., and CIRILLO, President Judge Emeritus.

BECK, J.:

¶ 1 The issue is whether a limited tort plaintiff, injured in an auto accident, is entitled to full tort recovery from her auto insurance carrier under the Pennsylvania Bad Faith Statute, the Pennsylvania Unfair Trace Practices and Consumer Protection Law or the Pennsylvania Unfair Insurance Practices Act, where the insurance carrier failed to provide in the policy cost comparisons for limited and full tort coverage. 75 Pa.C.S. § 1705. We find that the plaintiff is not entitled to full tort coverage.

¶ 2 Appellant Carolyn Booze, and members of her proposed class, purchased automobile insurance from appellee insurance companies. Appellants were given a form describing the tort coverage alternatives available, but were not given a cost comparison form showing the price difference between full and limited tort coverage—a violation of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL).[1] Appellants filed suit alleging violations of the Pennsylvania Bad Faith Statute,[2] the catch-all provision of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL),[3] and the Pennsylvania Unfair Insurance Practices Act (UIPA).[4] On June 18, 1999, the trial court sustained appellees' preliminary objections and dismissed appellants' complaint with prejudice. This appeal followed. We affirm.

¶ 3 Our standard of review where a preliminary objection in the nature of a demurrer was sustained is:

All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Moser v. Heistand,* 545 Pa. 554, 559, 681 A.2d 1322, 1325 (1996) (citation omitted). We need not accept a party's allegations as true to the extent they constitute

---

1. 75 Pa.C.S. § 1705.

2. 42 Pa.C.S. § 8371.

3. 73 P.S. § 201–2.

4. 40 P.S. § 1171.5(a)(2).

conclusions of law. *Scarpitti v. Weborg,* 530 Pa. 366, 368, 609 A.2d 147, 148 (1992).

*Fay v. Erie Insurance Group,* 723 A.2d 712, 714 (Pa.Super.1999).

¶ 4 Appellants claim they are entitled to maintain this class action based upon the failure of their insurers to provide a cost comparison between premiums for "full tort" coverage and "limited tort" coverage, as required by § 1705 of the MVFRL.[5] In dismissing their complaint, the trial court relied upon the Pennsylvania Supreme Court's decision in *Donnelly v. Bauer,* 553 Pa. 596, 720 A.2d 447 (1998). *Donnelly* held that the MVFRL does not provide any remedy for the failure by an insurer to comply with the requirements of § 1705.

¶ 5 In the instant case, appellants argue that the trial court misconstrued and over-extended *Donnelly.* We disagree. In *Donnelly,* automobile accident victims sought to invalidate their limited tort selections in favor of full tort coverage because they did not receive a cost comparison of premiums for the tort options as required by 75 Pa.C.S. § 1705. The Supreme Court rejected their claim, conclud-

ing that while the MVFRL requires notice of the premium amounts for full tort coverage and limited tort coverage, the MVFRL does not provide a remedy for a violation of this section. *Donnelly* at 610–11, 720 A.2d at 454.

¶ 6 In reaching its decision, the *Donnelly* court relied on *Salazar v. Allstate Insurance Company,* 549 Pa. 658, 702 A.2d 1038 (1997), which held that the MVFRL did not provide a remedy for an insurer's failure to comply with § 1791.1 of the MVFRL, which requires notice of uninsured and underinsured motorist coverage options in policy renewal forms.

¶ 7 Here, the trial court properly noted the differences between the claims asserted in *Donnelly* and the claims asserted in the instant case:

Initially, the court notes that the facts in the present case are distinguishable from those in *Donnelly.* *Donnelly* concerned lawsuits between parties involved in automobile accidents, as well as the issue of the proper application of Section 1705 of the MVFRL.

5. Section 1705 of the MVFRL provides, in pertinent part:

### § 1705. Election of tort options

(a) Financial responsibility requirements.—(1) Each insurer, not less than 45 days prior to the first renewal of a private passenger motor vehicle liability insurance policy on and after July 1, 1990, shall notify in writing each named insured of the availability of two alternatives of full tort insurance and limited tort insurance described in subsections (c) and (d). The notice shall be a standardized form adopted by the commissioner and shall include the following language:

NOTICE TO NAMED INSUREDS

A. "Limited Tort" Option—The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy or unless one of several other exceptions noted in the policy applies. The annual premium for basic coverage as required by law under this "limited tort" opinion is $___.

Additional coverages under this option are available at additional cost.

B. "Full Tort" Option—The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. The annual premium for basic coverage as required by law under this "full tort" option is $___.

75 Pa.C.S. § 1705(a)(1).

In the present cases, plaintiffs do not bring their lawsuits against tortfeasors under the MVFRL but rather against their own insurance carriers under the UTPCPL and § 8371 [Pennsylvania's Bad Faith statute]. Nonetheless, the court finds the logic in *Donnelly* to be applicable to the present cases. In particular, the *Donnelly* Court found that no remedy exists for violations of Section 1705 of the MVFRL. The court finds plaintiffs' attempt to circumvent this position to be incorrect.

Trial Court Opinion, 10/20/99 at 7–8.

¶ 8 Appellants admit that they have no remedy under the MVFRL, but argue that the sale of automobile insurance without cost comparisons between full and limited tort coverage is misleading, and thus a violation of the UTPCPL, UIPA, and the Bad Faith Statute. Each of the claims contained in appellants' complaint arises out of an alleged violation of § 1705 of the MVFRL. Accordingly, each must be interpreted with the guidance of *Donnelly*. We find that none of the counts contained in appellants' complaint state a valid cause of action.

■ ¶ 9 In order to state a claim under the catchall provision of the Unfair Trade Practices and Consumer Protection Law, a plaintiff must prove the elements of common law fraud. Under Pennsylvania law, the essential elements of common law fraud include a material misrepresentation of an existing fact, scienter, justifiable reliance on the misrepresentation, and damages. *Hammer v. Nikol,* 659 A.2d 617, 620 (Pa.Cmwlth.1995). Because the *Donnelly* court found that the notice provided "accurate information on the difference between the tort alternatives" and that there was "free choice," *Donnelly v. Bauer, supra* at 610, 720 A.2d at 454, appellants

have failed to state a cause of action under Section 201–2(4)(xvii).[6]

■ ¶ 10 Similarly, a claim of bad faith cannot be made. The elements of the statutory cause of action for bad faith are: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis. *Terletsky v. Prudential Property and Casualty Ins. Co.,* 437 Pa.Super. 108, 649 A.2d 680, 688 (1994), appeal denied, 540 Pa. 641, 659 A.2d 560 (1995). Appellants fail to allege these elements.

■ ¶ 11 Even had appellants alleged the proper elements for bad faith, we would not find that the record supported their allegation. Appellees used forms provided by the Pennsylvania Insurance Department. We would not find that appellees committed bad faith in using documents approved by the very body which regulates them.

■ ¶ 12 Appellants' claim that appellees are in violation of the Unfair Insurance Practices Act also fails. The UIPA provides, in pertinent part, that "[m]aking, issuing, publishing or circulating in any manner an advertisement, announcement or statement containing any representation or statement . . . which is untrue, deceptive or misleading" is a violation of the act. 40 P.S. § 1171.5(a)(2). The *Donnelly* Court found that the notice provided to appellants contained "accurate information on the difference between the tort alternatives" and that there was "free choice," *Donnelly v. Bauer, supra* at 610, 720 A.2d at 454. Accordingly, appellants' claim must fail.

¶ 13 Even had we found appellants claims to be valid, we would still find that they have no remedy. In holding that there is no remedy for violations of § 1705 our Supreme Court noted that there *should not be* any remedy. "The

---

6. We note that 73 P.S. § 201–2(4)(xvii) was redesignated by amendment, effective February 2, 1997, as subsection (xxi) and this subsection, which previously read: "Engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding," was changed to include not only "fraudulent" but "deceptive" conduct as well. 73 P.S. § 201–2(4)(xxi).

decision that the MVFRL does not provide a remedy is ... supported by the policy behind the enactment of the MVFRL and its amendments, to stem the rising cost of insurance in the Commonwealth." *Donnelly v. Bauer, supra* at 610, 720 A.2d at 454. The *Donnelly* court's reasoning is supported by the facts underlying the case: appellants received "a notice which accurately described the tort alternatives available in all regards except for the absence of a cost comparison[.]" *Id.* Accordingly, appellants "freely chose the limited tort option and paid premiums in accordance with that choice, i.e., a premium lower than if they had chosen the full tort option." *Id.* · If the *Donnelly* court had envisioned a remedy for § 1705 violations they would not have used broad and sweeping language to preclude any remedy.

¶ 14 Order affirmed.