

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2002

# Glatthorn v. Ind Blue Cross

Precedential or Non-Precedential:

Docket No. 01-2846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Glatthorn v. Ind Blue Cross" (2002). *2002 Decisions.* Paper 274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-2846

JOAN D. GLATTHORN; JOSEPH LASENSKY, H/W,

Appellants,

v.

INDEPENDENCE BLUE CROSS

Appellee.

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. Civil No. 00-cv-3177
District Judge: Hon. James T. Giles

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2002
Before: McKee, Barry, & Alarcon, Circuit Judges

OPINION OF THE COURT

( Filed:   April 15, 2002)

McKee, Circuit Judge.

Joan Glatthorn and Joseph Lasensky appeal from the order of the United States District Court for the Eastern District of Pennsylvania granting judgment on all counts in favor of defendant, Independence Blue Cross, at the conclusion of a bench trial. For the reasons that follow, we will affirm.

I.

As we write only for the parties, we need not reiterate the facts relevant to this appeal. We review the district court's interpretation of the Medicare as Secondary Payer statute de novo. See Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999) (issues of statutory interpretation are reviewed de novo). We also review the district court's interpretation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, as well as appellants' common law fraud and breach of contract claims de novo. See Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Surety Co., 89 F.3d 976, 983 (3d Cir. 1996) (a district court's interpretation of state law is reviewed de novo). However, the district court's findings of fact are reviewed for clear error. See Beta Spawn, Inc. v. Fee Transp. Serv., Inc., 250 F.3d 218, 223 (3d Cir. 2001).

II.

Appellants argue that the district court misinterpreted the Medicare as Secondary Payer statute ("MSP"), when it found that the MSP required proof of intentional efforts by the primary insurer (Blue Cross) to avoid paying appellants' claims, and that appellants had not presented such proof. Further, appellants argue that the district court misinterpreted state law when it found that the evidence did not establish fraud under either the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") or common law fraud. Finally, appellants argue that the district court erroneously found that Blue Cross' actions did not amount to a breach of contract.

The MSP is a series of amendments to Social Security Act. The MSP provides that even where a subscriber is eligible for Medicare, under certain circumstances, a group health plan is the "primary payer" and primarily responsible for the subscriber's medical bills. See 42 U.S.C.  1395y(b)(1)(A)(i) (1997). Medicare will then pay any remaining amount not covered by the primary payer. See New York Life Ins. Co. v.

United States, 190 F.3d 1372, 1374 (Fed. Cir. 1999).  If Medicare makes a payment on a subscriber's medical bills, the primary payer must reimburse Medicare for the expense.  See 42 U.S.C.  1395y(b)(2)(B)(i).  There are a few exceptions where the MSP does not apply.  Most importantly for our purposes, the MSP does not apply to group health plans used by employers with fewer than 20 employees.  See 42 U.S.C.  1395y(b)(1)(A)(ii).  The MSP provides for a private cause of action as follows:

> There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with such paragraphs (1) and (2)(A).

42 U.S.C.  1395y(b)(3)(A).

However, this must be interpreted in a manner that is consistent with the overall purpose of the statute.  Congress enacted the MSP to cut costs in the Medicare program by providing that, under certain circumstances, group health plans are primary to Medicare.  See United States v. Travelers Ins. Co., 815 F. Supp. 521, 522 (D. Conn. 1992).  Where Medicare is not a party to a case, there is no risk to Medicare's financial health.  Where Medicare is not involved in the dispute, "[Medicare's] fiscal integrity is not threatened, and the MSP statute does not apply."  Perry v. United Food and Commercial Workers Dist. Unions 405 and 442, 64 F.3d 238, 243 (6th Cir. 1995).  We are persuaded by the reasoning of the Sixth Circuit Court of Appeals, and agree that the MSP is only applicable in situations where Medicare's financial integrity is at issue.

This is not such a case as Medicare is not a party to the dispute.  Appellants do not even allege that Medicare paid any amount toward their medical bills, let alone an amount requiring reimbursement by Blue Cross.  It is also undisputed that Blue Cross paid all of appellants' claims before the Complaint was filed.  Thus, there is no claim left unpaid which Medicare could potentially be asked to pay.  Consequently, appellants have not alleged facts sufficient to bring their case within the ambit of the MSP, and thus the MSP does not apply here.

Appellants further argue that the district court erred in finding that there was no fraud under either the UTPCPL, 73 P.S.  201-1, et seq., or common law.  A claim under the UTPCPL has the same elements as a common law fraud claim.  See Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa. Super. 2000).  These include material misrepresentation of an existing fact, scienter, justifiable reliance, and damages.  See id.  A cause of action can arise from the breach of a contractual duty, but liability must be supported by more than nonfeasance, or the failure to perform a contractual duty.  Rather, a plaintiff must allege misfeasance, or the improper performance of a contractual obligation.  See Gordon v. Pennsylvania Blue Shield, 548 A.2d 600, 604 (Pa. Super. 1988).  An insurer's mere refusal to pay a claim is nonfeasance, which is not actionable in tort.  See Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995) (applying Pennsylvania law).

The district court found that appellants did not prove the elements of fraud, and we agree.  Appellants did not prove that Blue Cross made any material misrepresentations.  Appellants received the medical services from the providers at the contract price.  Appellants also allege that Blue Cross refused to pay primary to Medicare on their bills.  However, by the time the Complaint was filed, Blue Cross had paid all of appellants medical bills.  At best, Blue Cross' initial refusal to pay the insurance claims is nonfeasance.  The district court further found that appellants had not shown that they had paid any amount in deductibles to Blue Cross over that which they were already required to pay under their plan.  Appellants never presented a check or any other proof at trial to verify the amount they claimed they over-paid.  Therefore, appellants did not show that Blue Cross made any material misrepresentations.

Moreover, appellants have not established scienter.  They did not present sufficient evidence at trial that Blue Cross' initial refusal to pay was a knowing abrogation of its contractual duty.  All appellants can demonstrate is that there were a number of administrative errors in processing and paying their claims.  However, Blue Cross was not necessarily the cause of these administrative errors.  Rather, the fault could just as easily have been in the hands of the providers who may have submitted erroneous

information.  It was just as likely that Blue Cross received misinformation from Lasensky's company, Accurate Recycling, that Accurate had fewer than 20 employees. Therefore, we can not find that Blue Cross knowingly eluded its obligation to pay primary.

We certainly understand appellants' frustration.  There is evidence of mistake and possibly incompetence on the part of Blue Cross in its failure to change appellants' records after Glatthorn notified the customer service bank of the misinformation.  But mistake and incompetence are not actionable under either the UTPCPL or common law fraud.  Therefore, we find that the district court did not err when it held that appellants' claims failed under the UTPCPL and under common law fraud.

Lastly, appellants argue that the district court erroneously found that Blue Cross had not breached the contract.  Under Pennsylvania law, the three elements necessary to establish a cause of action for breach of contract are: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resulting damages.  See Williams v. Nationwide Mutual Ins. Co., 750 A.2d 881, 884 (Pa. Super. 2000).

As noted above, appellants did not carry their burden of proving that Blue Cross was responsible for the misinformation in their files.  Appellants also did not establish any monetary loss.  Blue Cross paid all of appellants' claims before the Complaint was filed. Therefore, the district court did not err in finding that appellants' breach of contrac claim fails.

For the reasons outlined above, we will affirm the district court's order granting judgment in favor of Blue Cross.

TO THE CLERK:

Please file the foregoing opinion.

By the Court

/s/ Theodore A. McKee
       Circuit Judge