**Rachel ARANKI, Plaintiff,**

v.

**Sylvia Matthews BURWELL, Defendant.**

**No. CV–15–0668–PHX–SMM**

United States District Court,
D. Arizona.

Signed October 16, 2015

Filed October 19, 2015

Frank Verderame, Plattner Verderame PC, Phoenix, AZ, Michael P. Pianin, Pianin & Associates PC, Scottsdale, AZ, for Plaintiff.

Adam Ryan Smart, U.S. Attorneys Office, Phoenix, AZ, for Defendant.

**ORDER**

Stephen M. McNamee, Senior United States District Judge

Rachel Aranki's Motion to Amend Complaint (Doc. 14), and Plaintiff's Request for Order to Amend Complaint (Doc. 17). The parties have responded and the motions are fully briefed. Having reviewed the parties' briefing, the Court will grant Defendant's motion to dismiss and deny both of Plaintiff's pending motions.

## I. Background and Procedural History

### A. Medicare and "Set–Aside Agreements"

Medicare, a program enacted by the U.S. federal government to provide health insurance benefits to eligible aged and disabled persons, is administered by the Centers for Medicare and Medicaid Services ("CMS"), a component of the U.S. Department of Health and Human Services ("HHS"). *See* Title XVIII of the Social Security Act; 42 U.S.C.A. § 1395–1395ccc (West 2015). Due to the strain on the federal budget from increased Medicare claims, Congress enacted the Medicare Second Payer ("MSP") statute, 42 U.S.C. § 1395y. The MSP statute ensures that Medicare payment obligations are subrogated to other payment plans, such as automobile or liability insurance or workers' compensation. *Id.; see Zinman v. Shalala,* 67 F.3d 841, 843 (9th Cir.1995). Simply put, "Medicare serves as a back-up insurance plan to cover that which is not paid for by a primary insurance plan." *Thompson v. Goetzmann,* 337 F.3d 489, 496 (5th Cir.2003); *see Estate of Ethridge v. Recovery Mgmt. Sys., Inc.,* 235 Ariz. 30, 33, 326 P.3d 297 (App.2014), *review denied* (Nov. 6, 2014), *cert. denied,* — U.S. —, 135 S.Ct. 1517, 191 L.Ed.2d 433 (2015).

To comply with the provisions outlined in the MSP statute, in workers' compensation cases CMS mandates the creation of a Medicare "set aside" ("MSA") account. 42 C.F.R. § 411. The purpose of a MSA is to allocate a portion of a workers' compensation award to pay potential future medical expenses resulting from the work-related injury so that Medicare does not have to pay. *Workers' Compensation Medicare Set Aside Arrangements,* Center for Medi-

care & Medicaid Services, http://www.cms.gov/Medicare/Coordination–of–Benefits/Workers–Compensation–Medicare–Set–Aside–Arrangements/WCMSAP–Overview.html (last visited Sept. 30, 2015); *see In re Arellano,* 524 B.R. 615, 624 (Bankr. M.D.Pa.2015); *Sipler v. Trans Am Trucking, Inc.,* 881 F.Supp.2d 635, 638 (D.N.J. 2012). However, no federal law or CMS regulation requires the creation of a MSA in personal injury settlements to cover potential future medical expenses.[1] *Id.*

### B. Plaintiff's Arizona Superior Court Case

In 2009, Plaintiff Rachel Aranki, a Medicare beneficiary, was injured in a medical malpractice incident that left her partially paralyzed and in chronic pain. (Doc. 1) Plaintiff filed a medical malpractice action in Arizona state court against the doctors who treated her. *(Id.)* A settlement agreement was reached in that case. (Doc. 10) The final consummation of that settlement agreement was stalled, however, because the issue arose whether CMS would mandate the creation of a MSA. (Doc. 1.) Plaintiff petitioned CMS, who did not respond. *(Id.)* The Arizona Superior Court Judge presiding over that case, nonetheless, enforced the settlement agreement and also ordered Plaintiff to file a declaratory judgment action in federal court on the MSA issue. *(Id.)* Plaintiff subsequently brought this action against Defendant Ms. Burwell, the current United States Secretary of HHS.

## II. Standard of Review

### A. Declaratory Judgment Act and Subject Matter Jurisdiction

■ The Declaratory Judgment Act provides that "[i]n a case of actual contro-

---

1. In 2012, CMS published an advance notice of proposed rulemaking to consider whether it should implement a similar MSA review process for personal injury settlements as it has for workers' compensation. 77 Fed.Reg. 35917–02 (June 15, 2012). However, this report was merely a solicitation of opinion, and as of today no such process exists.

versy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "actual controversy" refers to "cases and controversies" that are justiciable under Article III of the Constitution. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Plaintiffs carry the burden to prove the existence of an actual controversy such that subject matter jurisdiction exists. *Cardinal Chem. Co. v. Morton Int'l Inc.,* 508 U.S. 83, 95, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993).

Before it entertains a declaratory judgment, the district court must examine "whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir.2005). If not, then the case is not ripe for review and the court lacks subject matter jurisdiction. *Id.* Second, if "an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in *[Brillhart],* and its progeny." *Id.; see Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Those factors include, "[1]] the district court should avoid needless determination of state law issues; [2]] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3]] it should avoid duplicative litigation." *Principal Life Ins. Co.,* 394 F.3d at 672.

While the Act authorizes the Court to provide declaratory relief, the Court is not required to do so. *Brillhart,* 316 U.S. at 494, 62 S.Ct. 1173. There is no presumption in favor of abstaining from, nor is there a presumption in favor of exercising this remedial power. *See Huth v.*

*Hartford Ins. Co. of the Midwest,* 298 F.3d 800, 803 (9th Cir.2002); *see also Wilton v. Seven Falls Co.,* 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (stating that appellate court reviews the district court's decision to grant or refrain from granting declaratory relief for abuse of discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp."). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288, 115 S.Ct. 2137.

**B. Sovereign Immunity**

As a sovereign, the United States and its constituent agencies, including HHS, is generally immune from suit except to the extent it consents to be sued. *See United States v. Lee,* 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882). "The party who sues the United States bears the burden of pointing to ... an unequivocal waiver of immunity." *Prescott v. United States,* 973 F.2d 696, 701 (9th Cir.1992) (quoting *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983)). "Only Congress enjoys the power to waive the United States' sovereign immunity." *Dunn & Black, P.S. v. United States,* 492 F.3d 1084, 1090 (9th Cir.2007). "Sovereign immunity is not merely a defense to an action against the United States, but a jurisdictional bar." *Powelson v. United States,* 150 F.3d 1103, 1104 (9th Cir.1998).

**C. Leave to Amend Complaint**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires." However, a district court may deny leave to amend upon consideration of several

factors, including prejudice to the opposing party, bad faith, undue delay, and futility. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.2006). Each of these factors, however, is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.*

## III. Discussion

### A. There is no Justiciable Case or Controversy Here.

Both parties spend ample time in their motions analyzing ancillary issues such as subject matter jurisdiction under 28 U.S.C. § 1331, "channeling" requirements, Mandamus Jurisdiction under 28 U.S.C. § 1361, and sovereign immunity. But this analysis is of little import, as the main threshold matter in this case lies in first determining whether an actual case or controversy exists pursuant to the Declaratory Judgment Act. The Court finds that there is no justiciable case or controversy ripe for review. As such, the Court does not have subject matter jurisdiction to hear this case.

This case is not ripe for review because no federal law mandates CMS to decide whether Plaintiff is required to create a MSA. That CMS has not responded to Plaintiff's petitions on the issue, is not reason enough for this Court to step in and determine the propriety of its actions. There may be a day when CMS requires the creation of MSA's in personal injury cases, but that day has not arrived. Because the first prong in the declaratory judgment analysis is not met here, the Court need not examine the second.

### B. The United States has not Waived Sovereign Immunity.

Even if a justiciable case or controversy existed or the Court found other grounds to exercise jurisdiction, the United States in this case is immune from lawsuit as it has not waived its sovereign immunity. Plaintiff, who bears the burden of proving waiver has not unequivocally shown that the United States consents to be sued on this matter. This absence of waiver, therefore, acts as an additional bar to the Court exercising jurisdiction here.

### C. Amending the Complaint Would be Futile.

In light of the previous discussion, the Court finds that it would be futile for Plaintiff to amend her complaint. Plaintiff asked for leave to amend her original complaint on the basis that she "inadvertently left out allegations of proper jurisdiction under 28 U.S.C. §§ 1331 and 1361." (Doc. 14 at 2.) Even if language establishing jurisdiction was placed in her complaint under these statutes, Plaintiff would still not be able to clear the case and controversy and sovereign immunity hurdles. Therefore, the Court denies Plaintiff's motion.

## IV. Conclusion

The Court is sympathetic to the uncertain predicament that CMS has placed upon Plaintiff. However, in light of the Court's findings, judgment in favor of Defendant is proper. Accordingly,

**IT IS HEREBY ORDERED** granting Defendant's Motion to Dismiss (Doc. 10.) The case will be dismissed because the court lacks subject matter jurisdiction over the matter; rendering Plaintiff's other pending motions moot. The Clerk of Court shall terminate this matter.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend Complaint (Doc. 14.)

IT IS FURTHER ORDERED denying Plaintiff's Request for Order to Amend Complaint. (Doc. 17.) Defendant adequately responded to and addressed the futility of Plaintiff's Motion to Amend Complaint in its Reply in Support of its Motion to dismiss (Doc. 16.)