COMMONWEALTH of Pennsylvania, D. Michael Fisher Attorney General, Plaintiff,

v.

Gene P. PERCUDANI, individually and d/b/a Raintree Homes, Inc., Raintree Land Corp., Inc., Chapel Creek Mortgage Banker, Inc., Chapel Creek Homes, Inc., Chapel Creek Land Co., Homes by Vintage, Inc., Coventry Homes, Inc., Chapel Creek Credit Counseling, Inc., Y Rent, Inc., Why Rent and Raintree Enterprises, Inc.; Gerard A. Powell, individually and d/b/a Chapel Creek Land Co., Inc., Y Rent, Inc. and Coventry Homes, Inc., and Dominick Stranieri, and Coastal Environmental, Inc., Defendants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 21, 2003.

Decided May 27, 2003.

---

Marshall Anders, Stroudsburg, for defendant, Coastal Environmental, Inc.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Before this Court are the preliminary objections filed by Coastal Environmental, Inc. (Coastal) to a complaint in equity filed by the Commonwealth of Pennsylvania, D. Michael Fisher, Attorney General (Commonwealth), alleging that Coastal, along with other named Defendants,[1] violated

---

1. Other Defendants include: Gene P. Percudani, individually and d/b/a Raintree Homes, Inc., Raintree Land Corp., Inc., Chapel Creek Mortgage Banker, Inc., Chapel Creek Homes, Inc., Chapel Creek Land Co., Homes by Vintage, Inc., Coventry Homes, Inc., Chapel Creek Credit Counseling, Inc., Y Rent, Inc., Why Rent and Raintree Enterprises, Inc.; Gerard A. Powell, individually and d/b/a Chapel Creek Land Co., Inc. Y Rent, Inc. and

Sections 2(4)(xviii) and (xxi) of the Unfair Trade Practices and Consumer Protection Law (Law).[2] *See* Count VII of Commonwealth's Complaint, ¶ 1820. For the reasons that follow, we overrule Coastal's preliminary objections and grant the Commonwealth leave to amend its complaint in accordance with the following opinion.

On October 11, 2002, the Commonwealth filed a complaint in equity, alleging that various activities of the Defendants were in violation of the Law. With regard to Coastal, the Commonwealth alleged in Count VII of its complaint that Coastal's use of liquidated damages acknowledgments containing confession of judgment clauses in three consumer contracts placed the consumers[3] in untenable negotiating positions inasmuch as any objections raised by the consumers to Coastal's acts or omissions could result in the loss of tens of thousands of dollars. Thus, the Commonwealth concluded that Coastal's actions are in violation of Sections 2(4)(xviii) and 2(4)(xxi) of the Law. The language appearing in the liquidated damages acknowledgments, added to the consumer contracts by way of addendum, is as follows:

> I/we understand that once my/our legal right of rescission of this Contract has expired, the Contract is non-cancelable. Should I/we breach this Contract or elect to terminate this Contract for any reason whatsoever, at any time, I/we fully understand that I/we will be responsible to reimburse the Seller for all monies spent by the Seller on my/our behalf plus (9%) of the Contract amount for liquated damages.

Commonwealth Exhibits 367, 370.

Coastal now demurrers to those allegations in Count VII inasmuch as the addendum language in no way speaks to confessions of judgment, and therefore, is not in violation of the Law. It further alleges, by way of reply brief, that the Commonwealth failed to sufficiently plead allegations of common law fraud.

■■■■ In reviewing preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded facts, which are material and relevant, as well as any reasonable inferences deducible therefrom. *Cohen v. City of Philadelphia,* 806 A.2d 905 (Pa.Cmwlth.2002). In deciding whether to sustain a demurrer, this Court is not required to accept as true legal conclusions, unwarranted factual inferences, allegations that constitute argument, or mere opinion. *Id.* Moreover, a demurrer will not be sustained unless the Court finds that on the face of the complaint the law states with certainty that no recovery is possible. *Id.* Furthermore, any doubts are to be resolved against sustaining the demurrer. *Id.*

Coventry Homes, Inc., and Dominick Stranieri. Although Defendant Stranieri and Percudani have filed separate preliminary objections to the Commonwealth's complaint, they are not presently under consideration by this panel.

**2.** Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§ 201–2(4)(xviii) and (xxi). Section 2(4) of the Law defines "unfair methods of competition" and "unfair or deceptive acts or practices" to mean, *inter alia,*
>  (xviii) Using a contract, form or any other document related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action;
>  . . . .
>  (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. §§ 201–2(4)(xviii) and (xxi).

**3.** The consumers are Miles McDale/Lisa Smith, Mr. and Mrs. Phillipe Jean–Jacques, and Raymond Santiago/Jo Anne Rivera.

As the Commonwealth correctly states, the Law is to be liberally construed to effectuate the legislative goal of consumer protection. *See Commonwealth by Creamer v. Monumental Props., Inc.*, 459 Pa. 450, 329 A.2d 812 (1974). The term "confession of judgment" is defined as

1. A person's agreeing to the entry of judgment upon the occurrence or nonoccurrence of an event, such as making a payment. 2. A judgment taken against a debtor by the creditor, based on the debtor's written consent. 3. The paper on which the person so agrees, before it is entered.

Black's Law Dictionary 293 (7th Ed.1999).

While we agree that the addendum language at issue does not contain the term "confession of judgment," we cannot state with certainty that the language is not deceptive to the ordinary consumer or does not attempt to waive the consumers' right to assert legal defenses to an action. The addendum states that for *any reason whatsoever*, the consumer *shall* be liable for the contract price and a 9% penalty as liquidated damages; thus, it can be interpreted to mean that the consumer is mandated to pay those sums without the availability of judicial action to determine the parties' respective rights and/or obligations.

Accordingly, with respect to consumers McDale/Smith and Mr. and Mrs. Jean-Jacques, we conclude that the Commonwealth has sufficiently pleaded allegations of violations of Section 2(4)(xviii) of the Law. However, with respect to consumers Santiago and Rivera, we grant the Commonwealth an opportunity to amend its pleading insofar as (1) the Commonwealth's complaint fails to allege that Santiago and Rivera executed an addendum clause to the primary contract and (2), the Commonwealth's Exhibits do not include a copy of an addendum clause executed by Santiago and Rivera. *See* ¶¶ 1774–1777.

In the event that the Commonwealth fails to amend its complaint to include such an allegation and fails to attach the supporting documentation within the time prescribed, Coastal's demurrer pertaining to those allegations involving Santiago and Rivera will be sustained and paragraphs 1774–1777 will be stricken from the Commonwealth's complaint.

Turning to Coastal's argument that the Commonwealth's complaint fails to sufficiently plead allegations of fraud under Section 2(4)(xxi), we note that prior to the 1996 amendments to the Law, *see* Act of December 4, 1996, P.L. 906, the Law merely prohibited "other fraudulent conduct" that created a likelihood of confusion or misunderstanding. However, the 1996 amendments revised Section 2(4)(xxi) to include "deceptive conduct" as well. Prior to 1996, a plaintiff had to prove the elements of common law fraud in order to state a claim under the catchall provision of the Law. *Hammer v. Nikol*, 659 A.2d 617 (Pa.Cmwlth.1995).

This Court has not addressed the 1996 amendments to the Law and their effect on pleading fraud under Section 2(4)(xxi). In our research, we have uncovered two divergent views. The Superior Court of Pennsylvania has issued several opinions after the 1996 amendments in which it continues to state that the plaintiff must allege the elements of common law fraud in order to recover under the catchall provision of the Section 2(4)(xxi). *See Skurnowicz v. Lucci*, 798 A.2d 788 (Pa.Super.2002); *Booze v. Allstate Ins. Co.*, 750 A.2d 877 (Pa.Super.2000); *Fay v. Erie Ins. Group*, 723 A.2d 712 (Pa.Super.1999); *Sewak v. Lockhart*, 699 A.2d 755 (Pa.Super.1997); *DiLucido v. Terminix Int'l, Inc.*, 450 Pa.Super. 393, 676 A.2d 1237 (1996). These cases do not discuss the

1996 amendments to the Law, but rather merely restate the long-held principle that the elements of fraud must be pleaded.

Conversely, several decisions of the Bankruptcy Court for the Eastern District of Pennsylvania have rejected the Superior Court's adherence to the pre–1996 pleading requirements. *See Flores v. Shapiro & Kreisman,* 246 F.Supp.2d 427 (2002), *In re Crisomia v. Parkway Mortgage Co.,* 286 B.R. 604 (Bankr.E.D.Pa.2002); *Patterson v. Chrysler Fin. Co.,* 263 B.R. 82 (Bankr. E.D.Pa.2001); *Rodriguez v. Mellon Bank, N.A.,* 218 B.R. 764 (Bankr.E.D.Pa.1998). In *Rodriguez,* the Bankruptcy Court rejected the pre–1996 pleading requirements, noting that the Legislature's addition of the words "or deceptive conduct" signals an approval of a less restrictive interpretation of the Law and affirms the Supreme Court's position that the Law should be liberally construed.

In *Flores,* the Bankruptcy Court stated that although *Booze* continues to rely on the pre–1996 interpretation of the catchall provision of Section 2(4)(xxi), the Superior Court made no attempt to explain why the term "deceptive" was added in 1996 or why the Superior Court did not alter the standard. Additionally, the Bankruptcy Court noted that maintaining the pre–1996 pleading requirements would render the words "or deceptive conduct" redundant and superfluous, which is contrary to the rules of statutory construction. *See Commonwealth ex. rel. Pandolfo v. Pavia Co.,* 381 Pa. 488, 491, 113 A.2d 224, 226 (1955) ("Where words of a later statute differ from those of a previous one on the same subject they presumably are intended to have a different construction.") (citations omitted). *See also Berger v. Rinaldi,* 438 Pa.Super. 78, 651 A.2d 553, 557 (1994)

("the legislature is presumed to have intended to avoid mere surplusage; thus, whenever possible, courts must construe a statute so as to give effect to every word contained therein.").

Prior to 1996, the Law merely prohibited "other fraudulent conduct." The Legislature's intervention in 1996 in conjunction with the Supreme Court's pronouncement that the Law is to be liberally construed and the Superior Court's failure to provide any rational basis for its continuing restrictive view of the Law leads us to conclude that the position adopted by the Bankruptcy Court is that which would be espoused by the Supreme Court.

Therefore, after review of Count VII of the Commonwealth's complaint, we conclude that the Commonwealth has sufficiently pleaded "deceptive conduct" on the part of Coastal. Accordingly, Coastal's preliminary objection to the Commonwealth's allegations that it violated Section 2(4)(xxi) is overruled.

Accordingly, because we are cognizant that other Defendants have filed preliminary objections to the Commonwealth's complaint that are pending resolution,[4] we order that the Commonwealth file an amended complaint with respect to Count VII within 30 days of the resolution of all outstanding preliminary objections.

### ORDER

AND NOW, this 27th day of May, 2003, upon consideration of the preliminary objections filed on behalf of Defendant Coastal Environment, the Commonwealth is hereby ordered to file an amended complaint with respect to Count VII as follows: with respect to allegations of violations of Section 2(4)(viii) of the Unfair Trade Prac-

---

**4.** The docket shows that Stranieri filed preliminary objections to the Commonwealth's complaint on April 1, 2003 and Percudani filed preliminary objections on April 7, 2003. The Commonwealth's responses are due on June 2, 2003.

tices and Consumer Protection Law, the Commonwealth shall amend its complaint to include allegations that consumers Santiago and Rivera were required to execute a "liquidated damages acknowledgment" addendum and shall further attach a copy of the executed addendum to the amended complaint. Failure to do so shall result in paragraphs 1774–1777 being stricken from the Count VII of the complaint.

Coastal Environment's preliminary objection to the Commonwealth's allegations that it violated Section 2(4)(xxi) of the Law is overruled.

The Commonwealth shall have 30 days from the date of resolution of all outstanding preliminary objections in which to file its amended complaint.