**Andrews v. Stiffler**

Matthew S. Faher, for plaintiff.
Andrew G. Uncapher, Jr., for defendant.

PANCHIK, *J.,* July 9, 2009—Before the court for disposition are defendant's preliminary objections to plaintiff's complaint alleging breach of contract, breach of warranty, and violation of the Unfair Trade Practices Consumer Protection Law (CPA).

Plaintiff entered into a written contract with defendant for the installation of an in-ground swimming pool replacement liner. The contract specified that defendant would sell plaintiff the replacement liner and new gaskets, install the new liner and gaskets, and perform minor repairs to the bottom of the pool for a total price of $2,543.

Plaintiff alleges that defendant breached the terms of the contract and warranty by failing to order the proper size liner, failing to adequately install the liner, and failing to fix the deficiencies when notified.

Defendant's first preliminary objection seeks dismissal of the CPA count on the basis of the gist of the action doctrine. The second preliminary objection seeks dismissal of the CPA count on the basis that it fails to allege elements of common-law fraud as required by law.

The court will address the gist of the action issue first. Essentially, the gist of the action doctrine precludes plaintiffs from turning ordinary breach of contract actions into *tort actions. Freestone v. New England Log Homes Inc.,* 819 A.2d 550, 554 (Pa. Super. 2003). Courts are reluctant to permit tort recovery based upon breaches of

contract. *Hart v. Arnold,* 884 A.2d 316, 339 (Pa. Super. 2005). The key distinction between tort and contract theory is that tort claims arise from the breach of duties imposed as a matter of social policy, whereas contract claims arise from the breach of duties imposed by mutual consensus between individuals. *Id.*

Defendant claims that the dispute in the instant case is a breach of contract claim and as such, the CPA claim, which is essentially a tort claim, is precluded by the gist of the action doctrine. However, it is clear that "the remedies of the UTPCPL are not exclusive, but are in addition to other causes of action and remedies." *Wallace v. Pastore,* 742 A.2d 1090, 1093 (Pa. Super. 1999), *appeal denied,* 564 Pa. 713, 764 A.2d 1071 (2000). (citations omitted) "The UTPCPL supplements rather than supplants traditional common-law remedies with per se liability for a variety of unfair trade practices." *Gabriel v. O'Hara,* 368 Pa. Super. 383, 389, 534 A.2d 488, 491 (1987). Were the court to accept defendant's assertion that a breach of contract claim precludes the assertion of a CPA claim, that would completely eviscerate the CPA, which by its nature deals almost exclusively with consumer contracts. Therefore, the court will overrule this preliminary objection as such. The count, however, may be the subject of other pretrial challenge.

We next turn to the demurrer as to the CPA claim.

"In reviewing preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded facts, which are material and relevant, as well as any reasonable inferences therefrom. *Cohen v. City of Philadelphia,* 806 A.2d 905 (Pa. Commw. 2002). In deciding whether

to sustain a demurrer, this court is not required to accept as true legal conclusions, unwarranted factual inferences, allegations that constitute argument, or mere opinion. *Id.* Moreover, a demurrer will not be sustained unless the court finds that on the face of the complaint the law states with certainty that no recovery is possible. *Id.* Furthermore, any doubts are to be resolved against sustaining the demurrer. *Id.*" *Commonwealth v. Percudani,* 825 A.2d 743, 745 (Pa. Commw. 2003).

Defendant claims that plaintiff must plead all the elements of common law fraud in order to make out a case under the CPA. That is not an accurate statement of the law. There is actually a split of authority on that issue.[1] In *Commonwealth v. Percudani,* the Commonwealth Court found that because the legislature amended the CPA in 1996 to include "deceptive conduct" in addition to "other fraudulent conduct," the legislature must have meant to include conduct other than fraudulent conduct. We agree with the Commonwealth Court's detailed analysis and find that plaintiff need not plead the elements of common-law fraud in order to state a claim under the CPA.

The question then becomes whether plaintiff has pleaded any facts showing that the defendant made rep-

---

1. See *Commonwealth v. Percudani, supra; Weiler v. SmithKline Beecham Corp.,* 53 D.&C.4th 449 (2001); *Flores v. Shapiro & Kreisman,* 246 F. Supp.2d 427 (2002); Stephen Buckingham, Distinguishing Deception and Fraud, 78 Temp. L. Rev. 1025 (2005), all finding that due to the amendment of the CPA in 1996, the CPA is not limited to common-law fraud allegations. Cf. *Booze v. Allstate Insurance Co.,* 750 A.2d 877 (Pa. Super. 2000), and cases cited therein, which found that in order to state a claim under the CPA, a plaintiff must prove the elements of common-law fraud.

resentations having a capacity to deceive. The plaintiff alleges that defendant made various specific misrepresentations to him, intending or recklessly inducing plaintiff to act in justifiable reliance on them. See ¶¶30, 31. Therefore, the court will allow the CPA claim to go forward. The preliminary objection in the nature of a demurrer on this issue is overruled, as is the preliminary objection for lack of specificity.

An appropriate order will be entered

## ORDER

And now, July 9, 2009, after consideration of defendant's preliminary objections, it is ordered that said preliminary objections be and are hereby overruled.