**Amsler v. Hollabaugh**

*R. Jerry Little,* for plaintiff.
*Jason R. Lewis,* for defendants.

PANCHIK, *J.,* July 24, 2009—Before the court for disposition is defendants' summary judgment motion in two consolidated actions alleging breach of contract and violation of the Unfair Trade Practices Consumer Protection Law (CPL). The defendants are a husband and wife who allegedly operate a horse farm together and the

cases involve a dispute concerning the sale of a horse to plaintiff. The two cases have been consolidated for non-jury trial.

In the first action, plaintiff's complaint alleged the following. Kara Hollabaugh, doing business as Sky Bar Farms, owned and operated a horse farm where she was in the business of selling and breeding horses. On June 8, 2007, plaintiff met with Kara for the purpose of purchasing a female paint horse for $900. During the negotiations, Kara represented to plaintiff that the horse was approximately 9 years old and had the appropriate registration papers.

Plaintiff explained to Kara that she wanted a horse with registration papers so it could be bred and the foal could be registered. Kara assured plaintiff that the paint horse had registration papers and that she would deliver the registration papers to plaintiff. Plaintiff relied on Kara's representation that the horse was registered and that Kara would give plaintiff the necessary registration papers. As a result, plaintiff purchased the horse.

However, despite repeated requests, plaintiff did not see any registration papers for the horse for 17 months, and only then, during an arbitration proceeding. When plaintiff was finally provided with a copy of the registration, the registration was in the name of a third party. The registration had never been transferred to her. Plaintiff sued for breach of contract.[1]

---

1. After Kara would not take the horse back and did not refund plaintiff's money, plaintiff revoked her acceptance under article 2 of the Uniform Commercial Code. Plaintiff ultimately sold the horse at a loss, since she was paying to board the horse and did not consider the horse breedable without the registration papers.

Plaintiff also alleged in her complaint that Kara "intentionally, recklessly, negligently and/or deceptively" made material misrepresentations by representing and guaranteeing that she would be able to deliver registration papers for the horse, that the misrepresentations were made for the express purpose of inducing plaintiff to purchase the horse, and that plaintiff relied on those representations, which representations induced her to buy the horse. This is the basis of the CPL claim.

In her answer, Kara denied that she had made any misrepresentations or promised to provide the registration papers to plaintiff in plaintiff's name. Kara averred that plaintiff was aware from the beginning that a third party had the registration papers and would need to be contacted. According to Kara, plaintiff received the benefit of the bargain, which was to purchase a horse with registration papers. Therefore, there was no breach of contract, deception, or damage suffered.

Subsequent to filing the first action, plaintiff learned that Kara's husband, Jeff Hollabaugh, was also involved in the horse breeding and selling business, was named on Sky Bar Farms' business card with Kara, and was named on the farm's business web site with Kara. Thus, on December 17, 2008, plaintiff filed a second action against Jeff, essentially repeating the same allegations she had already made against Kara. Plaintiff also alleged that Jeff was jointly and severally liable as co-owner of the horse breeding and selling business, or alternatively, that Kara was the agent, servant and employee of Jeff with the full authority to bind Jeff to the contract.

Jeff filed an answer to the complaint in which he denied generally that he owned and operated a horse farm with

Kara. He admitted that Kara offered to sell the paint horse to plaintiff for $900. He further admitted in paragraph 7 that Kara had represented to plaintiff that the paint horse had the appropriate registration papers and that they would be transferred to plaintiff subsequent to the sale and delivery of the horse.

At paragraph 8, Jeff admitted that plaintiff had explained to Kara that she wanted a horse with registration papers so that it could be bred and the foal could be registered. In paragraph 9, Jeff admitted that Kara had assured plaintiff that the paint horse in question had registration papers and that the same would be transferred to plaintiff, and further that plaintiff had relied upon said representations when she purchased the horse.

In paragraph 11, Jeff admitted that his wife had been repeatedly requested by plaintiff to provide plaintiff with the appropriate horse registration papers. At paragraph 13, Jeff also admitted that plaintiff had written to Kara and requested a full refund and return of the horse.

## DISCUSSION

Having discussed the factual and procedural background, we now address defendants' motion for summary judgment. The standard for considering a motion for summary judgment is as follows. Under Pa.R.C.P. 1035.2, summary judgment shall be granted "(1) whenever there is no genuine issue of any material fact as to a necessary element of a cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, . . . , an adverse party who will bear the

burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." The court must review the record in the light most favorable to the moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Atcovitz v. Gulph Mills Tennis Club Inc.,* 571 Pa. 580, 585-86, 812 A.2d 1218, 1221 (2002).

In their summary judgment motion and supporting brief, Kara and Jeff deny that a term of the contract between the parties was that Kara would transfer the registration papers for the horse to plaintiff. They claim plaintiff is unable to adduce any evidence that transfer of registration papers was an essential term of the contract. Because the transfer of the papers allegedly was not a term, defendants claim, plaintiff received the benefit of the bargain when she received a registered horse and has no case. On those grounds, they ask the court to grant their request for summary judgment.

However, Jeff admitted in his answer that transfer of the registration papers was in fact a term of the contract between Kara and plaintiff. Plaintiff avers the same in her affidavit in opposition to summary judgment. Thus, a genuine issue of material fact does exist as to that issue, and summary judgment will not be granted on it.

Jeff further seeks summary judgment on the basis that plaintiff cannot possibly prove that he was co-owner of the farm. Jeff filed an affidavit in which he averred that he sometimes helped with the business, but was not co-owner. However, the copy of the couple's business card

and the printout of the home page of the couple's web site attached to plaintiff's affidavit certainly create a genuine issue of material fact on that issue. Thus, Jeff's request for summary judgment on that basis is denied.

Finally, Kara and Jeff seek summary judgment on the CPL count on the grounds that plaintiff has failed to proffer any evidence as to all the elements of common-law fraud. Defendant claims that plaintiff must offer proof of all the elements of common-law fraud in order to make out a case under the CPL. That is not an accurate statement of the law. There is actually a split of authority on that issue.[2]

In *Commonwealth v. Percudani*, 825 A.2d 743 (Pa. Commw. 2003), 844 A.2d 35 (Pa. Commw. 2004), the Commonwealth Court found that because the legislature amended the CPL in 1996 to include "deceptive conduct" in addition to "other fraudulent conduct," the legislature must have meant to include conduct other than fraudulent conduct. We agree with the Commonwealth Court's detailed analysis and find that plaintiff need not plead the elements of common-law fraud in order to state a claim under the CPL.

In any event, there is evidence of all of the elements of common-law fraud on the record. Plaintiff alleges that

---

2. See *Commonwealth v. Percudani, supra; Weiler v. SmithKline Beecham Corp.*, 53 D.&C.4th 449 (Phila. Cty. 2001); *Flores v. Shapiro & Kreisman*, 246 F. Supp.2d 427 (2002); Stephen Buckingham, *Distinguishing Deception and Fraud*, 78 Temp. L. Rev. 1025 (2005), all finding that due to the amendment of the CPA in 1996, the CPA is not limited to common-law fraud allegations. *Cf. Booze v. Allstate Insurance Co.*, 750 A.2d 877 (Pa. Super. 2000), and cases cited therein, which found that in order to state a claim under the CPA, a plaintiff must prove the elements of common-law fraud.

Kara materially misrepresented that she would provide registration papers to plaintiff in plaintiff's name. This creates a genuine issue of material fact as to whether Kara represented to plaintiff that she could provide such papers, knowing or not being certain that she could not do so, and that she made this representation in order to induce plaintiff to buy the horse. Thus, the court will allow the CPL count to proceed.

For all the above reasons, Kara and Jeff's motions for summary judgment are denied in their entirety.

An appropriate order will be entered.

### ORDER

And now, July 24, 2009,after careful consideration of the entire record, it appearing to the court that genuine issues of material fact exist in all of plaintiff's claims against defendants, it is ordered, adjudged and decreed that defendants' motion for summary judgment in the above two consolidated cases be and is hereby denied.