IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clay Caldwell,                                    :
                        Appellant          :
                                                  :   No.  365 C.D. 2020
               v.                                 :
                                                  :   Submitted:  August 7, 2020
The Department of Corrections,           :
Jeffrey A. Beard, Louis Folino, Officer  :
Ma Price, Officer Gagnon, Officer        :
Norman, Officer Lukachyk, Officer        :
J. Miller, Officer Topka and             :
Officer Sokol                            :


*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                         FILED:  March 31, 2021


Clay Caldwell, an inmate residing at the State Correctional Institution (SCI) at Benner Township, appeals *pro se* from the February 27, 2020 order of the Court of Common Pleas of Greene County (trial court) dismissing his complaint against the Pennsylvania Department of Corrections (Department) and various Department personnel (collectively, Defendants).  We affirm.

We have summarized the extensive procedural history of this matter in a prior decision:

> In November 2009, Caldwell, an indigent inmate currently serving a life sentence at the [SCI] at Greensburg, following a transfer from SCI–Greene, filed a motion to proceed in forma pauperis (IFP), to proceed without liability for court fees or costs.  [Original] Record ([O.R.]), Item No. 42.  The trial court denied the motion for failure to file a complaint, stating "[t]here is no pending lawsuit or action."  [Trial] Ct.

Order, 11/25/09; [O.R.], Item No. 39. The trial court instructed Caldwell that he may file a revised petition to proceed IFP when he files his complaint. *Id.*

In January 2010, Caldwell filed a second petition to proceed IFP. [O.R.], Item No. 38. The trial court denied his petition pursuant to Section 6602(f)(1) of the act commonly referred to as the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f)(1), also known as the "three strikes rule." [Trial] Ct. Order, 1/6/10; [O.R.], Item No. 37. The trial court explained that Caldwell, on more than three occasions, filed lawsuits concerning the conditions of his confinement, which were dismissed for failure to state a claim. *Id.* (citing *Caldwell v. Folino*, 2009 WL 3055298 (W.D. Pa., No. CV–09–217, filed September 21, 2009) (unreported); *Caldwell v. Folino*, 2009 WL 1929905 (W.D. Pa., No. 2:08–cv–00122, filed July 1, 2009) (unreported) (*Folino I*), *vacated in part and remanded*, 20[1]0 WL 3610169 (3d Cir., No. 09–3104, filed September 17, 2010)[1] (*Folino II*); *Caldwell v. Beard*, 2008 WL 2887810 (W.D. Pa., No. CV–07–727, filed July 23, 2008) (unreported), *aff'd*, 2009 WL 1111545 (3d Cir., No. 08–3286, filed April 27, 2009)).

> [1] The Third Circuit's decision to vacate and remand occurred after the trial court entered its order.

Three years later, in March 2013, Caldwell filed a third IFP motion. In addition, he filed a complaint naming Secretary Jeffrey A. Beard, SCI–Greene Superintendent Louis Folino, seven correctional officers from SCI–Greene, "M.A. Price, Gagnon, J. Miller, Lukachyk, Topka, Norman, Sokol," (Individual Defendants), and the Department of Corrections (Department) (collectively, Defendants) as defendants. [O.R.], Item No. 35. In an affidavit accompanying his filings, Caldwell explained he delayed filing his complaint with the trial court until final judgment in his federal court action involving the same incidents and Defendants. *Id.*; see *Folino I*; *Folino II*.[2]

> [2] The United States District Court for the Western District of Pennsylvania (district court)

2

dismissed Caldwell's complaint for failure to state a claim, and subsequently denied him leave to file an amended complaint. [*Folino I*], *vacated in part and remanded*, [*Folino II*]. On appeal, the Third Circuit determined the district court erred in dismissing Caldwell's Eighth Amendment[, U.S. CONST. amend. VIII,] claim that he was sexually harassed during pat down searches on the basis he did not comply with the exhaustion requirement. *Folino II*. The Third Circuit explained it was not facially apparent from the complaint that Caldwell failed to exhaust the claim. *Id.* In addition, the Third Circuit concluded the district court did not address Caldwell's Equal Protection claim alleging religious discrimination. *Id.* The Court remanded for further proceedings limited to those two issues. *Id.* Ultimately, on remand, the matter proceeded to a jury trial in March 2012, which resulted in a verdict for the defense. *See Caldwell v. Folino* (W.D. Pa., No. 2:08–cv–00122, filed May 29, 2013) (order denying relief from judgment) (unreported).

In the complaint, he alleged the correctional officers: touched him in a sexual manner during pat-down searches; filed false disciplinary charges against him; wrongfully subjected him to restrictive housing; transferred him from SCI–Greene to SCI–Greensburg in retaliation for filing grievances and civil suits; wrongfully seized and destroyed his personal property in retaliation for filing grievances and civil suits; handcuffed him too tightly; required him to obtain a permit for his Native American religious items; and, mishandled and mocked his religious items. According to Caldwell, the first of these incidents—the pat-down search—occurred in November 2007.

In addition, Caldwell averred Defendants improperly filed misconduct reports and denied his grievances. He claimed the Department's policies, customs and practices violated his constitutional rights. He asserted state tort claims for gross negligence and violations of his state constitutional rights.

3

For relief, Caldwell demanded nominal and punitive damages in the amount of $74.4 million from the Department and $580,000 from each of the Individual Defendants as well as 35% of their gross yearly income for 10 years. He also requested injunctive relief in the form of modified prison policies, single-cell status, magazine subscriptions, family visitations, personal property, sentence reduction, expunged misconduct reports, nonparticipation in prison programs, and unrestricted phone calls.

The trial court granted Caldwell's third IFP motion. [Trial] Ct. Order, 3/28/13; [O.R.], Prothonotary Docket Entries. Caldwell then filed a "Motion to Enter Judgment by Default against the Defendants, for Failure to Plead, and the Relief Sought by the Plaintiff in his Complaint." [O.R.], Item No. 30. The trial court issued a rule to show cause why Caldwell's relief should not be granted. [Trial] Ct. Order, 7/1/13; [O.R.], Item No. 29. The Department responded, stating none of the named Defendants were served with original process in the matter, and, thus, they were not parties to the action. [O.R.], Item No. 22.

In the interim, Caldwell filed a "Motion for Damages against the Defendants for Delay in Actions for Bodily Injury, Death or Property Damage," as well as a "Petition for Order for Protection From Abuse of Authority and from Destruction of Property and Official Oppression." [O.R.], Item Nos. 21, 27. The trial court denied these motions, and it instructed Caldwell to properly serve his complaint on the Defendants. *See* [Trial] Ct. Order, 7/17/13; [Trial] Ct. Order, 9/25/13; [O.R.], Item Nos. 14, 26.

In addition, Caldwell requested appointment of counsel. [O.R.], Item No. 18. He also filed two motions for special injunctive relief—one for a [Protection from Abuse] from abuse of authority and destruction of property, the other requesting that the court direct the sheriff to serve his complaint on the Defendants. [O.R.], Item Nos. 12, 13.

Ultimately, the trial court denied Caldwell's request for counsel. [Trial] Ct. Order, 11/13/13; [O.R.], Item No. 9. The trial court explained his action is civil in nature and the appointment of counsel is not a matter of right. *Id.* On its

4

own accord, the trial court dismissed Caldwell's complaint with prejudice, citing lack of subject matter jurisdiction and the litigation's vexatious nature. *Id.* From this decision, Caldwell appealed to the Superior Court, which transferred the matter here.

*Caldwell v. Department of Corrections Agency* (Pa. Cmwlth., No. 631 C.D. 2014, filed Nov. 17, 2014) (unreported) (*Caldwell I*), slip op. at 1-5.

In *Caldwell I*, this Court affirmed the trial court's *sua sponte* dismissal of Caldwell's complaint in part, reversed in part, and remanded for further proceedings. To the extent that Caldwell challenged prison disciplinary actions, we agreed with the trial court that it lacked subject matter jurisdiction over matters of internal prison administration. *Id.* at 10 (citing *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998); *Brown v. Pennsylvania Department of Corrections*, 913 A.2d 301 (Pa. Cmwlth. 2006)). However, as it concerned state law tort claims, we reversed the trial court's determination that it lacked subject matter jurisdiction because Caldwell's averments concerned actions that occurred at SCI-Greensburg, outside of Greene County. To the contrary, we determined that "the alleged conduct underlying Caldwell's action occurred within Greene County," and the trial court thus possessed subject matter jurisdiction over Caldwell's tort claims, over which the federal district court had declined to exercise supplemental jurisdiction in *Folino I*. We further concluded that Caldwell's delay in filing his complaint until the conclusion of his federal litigation did not render the litigation "vexatious" within the meaning of the PLRA. We remanded, permitting "only tort actions for money damages premised on common law trespass and other state claims to proceed." *Id.* at 17.

Caldwell then filed several amended complaints in the trial court. In an order dated August 17, 2018, the trial court sustained the Department's preliminary objection to Caldwell's standing, concluding that Caldwell appeared to pursue claims

on behalf of his wife, and thus did not demonstrate personal involvement in the challenged actions. (Trial Ct. Order, 8/17/2018; O.R. Item 81.) The trial court granted Caldwell 45 days in which to amend his complaint and to remedy that defect.

Caldwell complied with the trial court's order and filed another amended complaint in October 2018. However, many of Caldwell's averments concerned conduct that occurred at SCI-Benner Township, rather than SCI-Greene. In response to the Department's preliminary objection to the trial court's jurisdiction, the trial court reviewed each paragraph of Caldwell's amended complaint, with Caldwell participating by audio/visual device, and struck Caldwell's averments to the extent that they concerned actions occurring outside Greene County. (Trial Ct. Order, 4/12/2019; O.R. Item 55.)

After the trial court struck the portions of Caldwell's complaint relating to actions occurring outside Greene County, the following averments remained. Caldwell reiterated his allegations against Officer Dana Sokol, specifically, that Officer Sokol targeted him for "inappropriate pat-down searches" and "sexual rub-downs" that constituted "sexual assault and [harassment]." (Amended Complaint ¶2; O.R. Item 72.) Caldwell suggested various conspiracies by Department personnel to cover up evidence of his sexual harassment allegations, to refuse to investigate such allegations, or to have him placed in restricted housing. *Id.* ¶¶2, 23-24, 28, 33. Finally, Caldwell appeared to challenge the use of funds in his inmate account for medical expenses or co-pays, which he characterized as "racketeering and extortion." *Id.* ¶¶36, 38.

Caldwell characterized his action as sounding in mandamus;[1] however, he did not appear to identify any ministerial duty that must be performed. *Id.* ¶1. Rather,

---

[1] "Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty." *Dusman v. Board of Directors of Chambersburg Area School* **(Footnote continued on next page…)**

6

Caldwell pleaded a variety of alleged intentional torts for which he requested monetary damages, which is consistent with this Court's prior directive allowing "only tort actions for money damages premised on common law trespass and other state claims to proceed." *Caldwell I*, slip op. at 17. As relief, Caldwell requested damages in the amount of $750,000 from each of the Defendants. *Id.* ¶43.[2]

After filing an answer and new matter, and prevailing upon the above-mentioned preliminary objections that narrowed the scope of Caldwell's claims, Defendants ultimately moved for judgment on the pleadings. *See* Pa.R.C.P. No. 1034. Defendants contended that, even taking Caldwell's averments as true, Caldwell's action should be dismissed because the applicable statute of limitations had expired; because his claims were barred by *res judicata* or collateral estoppel; because Defendants had no personal involvement in Caldwell's asserted injuries; and because Defendants were entitled to sovereign immunity. On February 27, 2020, the trial court granted Defendants' motion for judgment on the pleadings on the basis of sovereign immunity. (Trial Ct. Order, 2/27/2020; O.R. Item 14.)

---

*District*, 113 A.3d 362, 368 (Pa. Cmwlth. 2015) (quoting *Council of City of Philadelphia v. Street*, 856 A.2d 893, 896 (Pa. Cmwlth. 2004)).

[2] Specifically, Caldwell sought damages from "Officer Bonell, Hanies, Kissel, Smithbower, Stoner, Dr. Robert J. Marsh, Holmsburg, Hoffman, Tresler, Booher, and Mr. Boone, Mr. Beck, Ms. M. Walters, G. Wilson, S. Caprio, J. Echert, V. Watson, and C.O. I 'Bierly', also Frazer [and] Mr. Scott Ellenberger." (Amended Complaint ¶46.) Notably, this paragraph was not among those remaining after the trial court struck Caldwell's averments concerning actions occurring at SCI-Benner Township. The Department has maintained that all of the listed individuals are employed at SCI-Benner Township, not SCI-Greene. (Department's New Matter ¶29; O.R. Item 51.)

Caldwell sought review in this Court.[3] Caldwell raises a multitude of challenges to the trial court's dismissal of his complaint, and asserts that the trial court committed a number of procedural errors or omissions. Caldwell argues that the trial court erred in requiring him to amend his complaint to exclude claims asserted on behalf of his wife; that sovereign immunity was inapplicable due to the willful nature of the alleged misconduct; that sovereign immunity did not apply to any claims relating to medical contractors; that sovereign immunity did not apply to any claims against Department personnel in their individual capacities; that the trial court erred in denying his prematurely filed motion for summary judgment; that the trial court erred in denying discovery requests; and that the trial court erred in failing to grant his various motions for default judgment.[4]

---

[3] "Our standard of review over a decision sustaining a judgment on the pleadings requires us to determine whether, on the facts averred, the law makes recovery impossible." *Cagey v. Commonwealth*, 179 A.3d 458, 463 (Pa. 2018) (citing *Emerich v. Philadelphia Center for Human Development, Inc.*, 720 A.2d 1032, 1034 (Pa. 1998)). Our Supreme Court has "explained that the same principles apply to a judgment on the pleadings as apply to a preliminary objection in the nature of a demurrer." *Id.* at 463 n.2. "All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Id.* (quoting *Emerich*, 720 A.2d at 1034).

[4] Among the purported issues that Caldwell raises are assertions that the trial court "failed to address the [Department's] 'penological interest' in the sexual assault and battery of [Caldwell]," and that the trial court "failed to protect [Caldwell and his family], in a [c]ivil lawsuit from the continuing punishments and violations by the employees" of the Department. (Caldwell's Br. at 5.) These are not specific assertions of substantive or procedural error in the disposition of Caldwell's tort claims, but rather general grievances about the trial court's refusal to grant him relief.

8

## Amendment of Pleadings

We first address the trial court's orders directing Caldwell to amend his complaint, and striking the portions thereof which referred to actions occurring outside Greene County. Throughout these proceedings, Caldwell continuously has advanced allegations that Department personnel engaged in "slander and defamation" of his wife. (*See, e.g.*, Amended Complaint ¶¶7, 10, 14, 20, 29.[5]) Caldwell contends that the trial court misunderstood his allegations as relating solely to torts committed against his wife. In its August 17, 2018 order, the trial court found that Caldwell's "complaint does seem to be one where [Caldwell] is suing on behalf of another (his wife) and [Caldwell] has failed to allege [] standing in the case." (Trial Ct. Order, 8/17/2018, at 4.) Sustaining the Department's preliminary objection, the trial court granted Caldwell 45 days to amend his complaint. The sole effect of the trial court's August 17, 2018 order was to exclude any claims that Caldwell sought to advance on behalf of his wife, which he lacked standing to pursue. Caldwell then filed an amended complaint, in which he offered a wide array of allegations and legal conclusions, including those recounted above. The trial court's order placed no limitation upon Caldwell's ability to assert claims for which he could establish standing. As such, we find no error in the trial court's order directing amendment of Caldwell's complaint.

Moreover, we find no error in the trial court's exclusion of Caldwell's averments to the extent that they related to matters involving SCI-Benner Township, rather than SCI-Greene. In *Caldwell I*, we held that the trial court possessed subject matter jurisdiction over Caldwell's tort claims that concerned conduct occurring at SCI-Greene. *Caldwell I*, slip op. at 10. After our remand in *Caldwell I*, however,

---

[5] The averments contained in these paragraphs all concerned actions that occurred at SCI-Benner Township, not SCI-Greene, and thus were stricken from Caldwell's complaint by the trial court's April 12, 2019 order.

9

Caldwell added a significant number of allegations plainly relating to conduct that occurred at SCI-Benner Township. The trial court's exclusion of such allegations, via its April 12, 2019 order, reflects no more than the trial court's compliance with this Court's remand order in *Caldwell I* to address the claims arising in Greene County.

### Subject Matter Jurisdiction

Certain of Caldwell's claims, specifically those alleging "racketeering and extortion" against the Department and unspecified medical contractors, pertain only to intra-prison administrative matters, and thus lay outside the subject matter jurisdiction of the trial court. "Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*." *Seitel Data, Ltd. v. Center Township*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014) (quoting *Commonwealth v. Locust Township*, 968 A.2d 1263, 1268-69 (Pa. 2009)). Setting aside Caldwell's characterizations of the Department's actions as constituting the criminal offenses of racketeering and extortion, which we need not accept as true,[6] Caldwell asserts that Department personnel have taken funds from his inmate account as co-payments for medical services, under circumstances that, Caldwell alleges, violate the Department's policy. (Amended Complaint ¶¶32, 36.) However, this Court has held that the use of inmate funds for medical co-payments implicates a matter of internal prison administration that lies outside this Court's original jurisdiction. *See Portalatin v. Department of Corrections*, 979 A.2d 944, 949 (Pa. Cmwlth. 2009) ("Because any right

---

[6] "Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard." *McCulligan v. Pennsylvania State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016) (citing *Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa. Super. 2008)).

[the inmate] may have to be free of co-payments is not of constitutional dimension, and because any right [the inmate] has is limited by [Department] regulations and policy statements, this Court does not enjoy original jurisdiction over the case.") (citing *Bronson*; *Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750 (Pa. Cmwlth. 2003)). Moreover, "this Court does not have appellate jurisdiction over inmate appeals from grievance tribunals." *Id.* As we explained in *Caldwell I*, the "limitations placed upon the judiciary to rule on issues of internal prison operations as set forth in *Bronson* apply equally to the common pleas courts." *Caldwell I*, slip op. at 10. Thus, to the extent that the trial court's order disposed of Caldwell's allegations against the Department or any medical contractors based upon payment for medical expenses, we affirm on the basis that the trial court lacked subject matter jurisdiction over such claims.[7]

Excluding the averments concerning alleged conduct occurring outside Greene County, as well as those concerning matters of internal prison administration, we are left with Caldwell's primary allegation throughout this litigation—that at some point in the past, Officer Sokol touched Caldwell during a pat-down search in a manner that amounted to "sexual assault."

## Sovereign Immunity

We turn to the trial court's stated basis for dismissal—sovereign immunity. The trial court set forth its reasoning in its February 27, 2020 order granting judgment on the pleadings in favor of the Department. The trial court noted that "the

---

[7] Moreover, although Caldwell asserts that the trial court erred in dismissing his action against "medical contractors," we note that Caldwell's complaint does not clearly identify such contractors, and his certificate of service attached to his amended complaint does not demonstrate that he effected service on any third-party contractor. It is not clear that Caldwell made any medical contractor a party to his lawsuit.

11

Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity . . . and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. §2310. The specific acts for which the General Assembly has waived sovereign immunity are listed in 42 Pa.C.S. §8522(b).[8] Because Caldwell's cause of action did not fall within any of the listed exceptions, the trial court reasoned that Caldwell could not proceed with an action for damages against Defendants.

In challenging the trial court's reasoning, Caldwell primarily asserts that sovereign immunity is inapplicable under various statutory schemes. (Caldwell's Br. at 5-6.) Caldwell cites 42 Pa.C.S. §§8545-50, and particularly highlights section 8550, which states that, in an "action against a *local agency or employee thereof*," the defense of official immunity shall not apply if the act of the employee is judicially determined to constitute "a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. §8550 (emphasis added). Caldwell fails to recognize, however, that section 8550 applies to actions "against a local agency or employee thereof," *id.*, not to Commonwealth parties such as the Department and its employees. The immunity of Commonwealth parties falls under a distinct legal theory—known as sovereign

---

[8] The General Assembly has waived sovereign immunity with regard to actions for damages arising from negligent acts that fall into 10 categories: vehicle liability; medical-professional liability; care, custody or control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody or control of animals; liquor store sales; National Guard activities; toxoids and vaccines; and sexual abuse. 42 Pa.C.S. §8522(b). The final exception, concerning sexual abuse, was recently added via the Act of November 26, 2019, P.L. 641, and allows for actions for damages against the Commonwealth for conduct constituting certain criminal offenses against persons under the age of 18, "if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitute negligence." 42 Pa.C.S. §8522(b)(10). Caldwell does not refer to section 8522(b)(10). Regardless, despite Caldwell's allegations of sexual assault, this provision does not apply, both because Caldwell is not a minor and because he has not pleaded a negligence action.

12

immunity—and our statutes provide for it separately. *See* 42 Pa.C.S. §§8501-02, 8521-27. Caldwell further argues that sovereign immunity is inapplicable under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§2000cc-2000cc-5, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101-12213, but the relevance of these federal enactments to the most recent iteration of Caldwell's complaint is not apparent.

The doctrine of sovereign immunity is well-established in this Commonwealth. As we have explained:

> Sovereign immunity acts as a bar to suits against Commonwealth parties, including its officials and employees acting within the scope of their duties. 1 Pa.C.S. §2310. Establishing a limited list of exceptions to immunity, the General Assembly adopted what is commonly referred to as the Sovereign Immunity Act, 42 Pa.C.S. §§8501-8502, 8521-8527. Section 8522 of the Sovereign Immunity Act waives "immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury [was] caused by a person not having available the defense of sovereign immunity," for specifically enumerated categories of acts. 42 Pa.C.S. §8522. A "Commonwealth party" is defined in [s]ection 8501 as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. §8501. Thus, when an employee of a Commonwealth agency, such as a [Department] employee, is acting within the scope of his or her duties, the employee is shielded by the doctrine of sovereign immunity from liability for tort claims arising from negligent acts that do not fall within the statutory exceptions listed in [s]ection 8522(b) of the Sovereign Immunity Act. 1 Pa. C.S. §2310; 42 Pa.C.S. § 8522(a)-(b). Sovereign immunity is not waived for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment. *La Frankie v. Miklich*, [618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)].

13

*Paluch v. Pennsylvania Department of Corrections*, 175 A.3d 433, 437-38 (Pa. Cmwlth. 2017).

The trial court was correct that Caldwell has not pleaded a cause of action in negligence, and has not asserted a negligent act that would fall within any of the exceptions listed in 42 Pa.C.S. §8522(b). Rather, Caldwell has asserted intentional acts that, he contends, give rise to liability in tort. Thus, to the extent that the trial court reasoned that Caldwell's action does not fall into a specific category for which the General Assembly has waived sovereign immunity, we agree.

That does not end the analysis, however, because the trial court did not acknowledge that Commonwealth employees enjoy sovereign immunity only when "acting within the scope of their duties . . . ." 1 Pa.C.S. §2310. That is, not all intentional torts against the Commonwealth and its officials and employees are categorically barred. In *Minor v. Kraynak*, 155 A.3d 114 (Pa. Cmwlth. 2017), for instance, this Court held that common law assault and battery claims against Department personnel were not barred by sovereign immunity, because the violent beating that the plaintiff pleaded in that case fell outside the scope of the defendants' duties. *Id.* at 124.

The difficulty for Caldwell, however, is that his pleadings consist almost entirely of legal conclusions and summary allegations of wrongdoing. As the trial court correctly stated, a motion for judgment on the pleadings "is in the nature of a demurrer; all of the opposing party's *well-pleaded allegations* are viewed as true but only those facts specifically admitted by him may be considered against him." (Trial Ct. Order, 2/27/2020, at 4 (quoting *Kairns v. Tony Vitale Fireworks Corporation*, 259 A.2d 687, 688 (Pa. 1969)) (emphasis added). The entirety of Caldwell's averment concerning Officer Sokol is that Officer Sokol "targeted the plaintiff Mr. [C]aldwell in his sexual

14

assault and harament [*sic*], Sexual Rub-downs, by selecting the plaintiff out from other inmates for the inappropriate pat-down searches." (Amended Complaint ¶2 (internal quotation marks omitted).) Caldwell elsewhere simply refers to Officer Sokol's conduct as "sexual assault."

Pennsylvania is a fact-pleading jurisdiction. *See* Pa.R.C.P. No. 1019(a). A plaintiff is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *McCulligan*, 123 A.3d at 1141 (quoting *Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005)). "Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard." *Id.* (citing *Lerner*, 954 A.2d at 1235-36). Moreover, in considering a demurrer, "this Court is not required to accept as true legal conclusions, unwarranted factual inferences, allegations that constitute argument, or mere opinion." *Commonwealth v. Percudani*, 825 A.2d 743, 745 (Pa. Cmwlth. 2003).

In setting forth his allegation against Officer Sokol, Caldwell included no factual details. He did not indicate a specific time or location at which the alleged assault or assaults occurred. He did not plead that Officer Sokol touched him in any particular place on his body, with any particular degree of force, or for any particular duration. Rather, Caldwell merely pleaded that Officer Sokol had subjected him to pat-down searches, which Caldwell viewed as "inappropriate" and amounting to "sexual assault." These latter characterizations, however, are plainly legal conclusions and generalized assertions of wrongdoing, which lack the requisite factual support. *McCulligan*, 123 A.3d at 1141. As such, we need not accept these averments as true for purposes of review. This appreciably contrasts with decisions such as *Minor*,

15

wherein the plaintiff provided a detailed factual account of the injury giving rise to his claim, rather than mere legal conclusions. *See Minor*, 155 A.3d at 116-18.

In determining whether asserted conduct falls within the scope of a Commonwealth employee's duties for purposes of sovereign immunity, we have explained:

> [c]onduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against another; it is not unexpected by the employer.

*Minor*, 155 A.3d at 122 (quoting *Natt v. Labar*, 543 A.2d 223, 225 (Pa. Cmwlth. 1988)). Caldwell has not addressed this standard. Excluding Caldwell's legal conclusions and conclusory assertions of wrongdoing, we cannot say that Caldwell has pleaded facts demonstrating that Officer Sokol or any other Defendant has engaged in tortious conduct outside the scope of a Department employee's duties. As such, we find no basis to disturb the trial court's ruling with respect to sovereign immunity.

## Motion for Summary Judgment

Caldwell further asserts that the trial court erred in dismissing his motion for summary judgment as prematurely filed. Caldwell is mistaken. Caldwell filed this motion via first-class mailing from prison on November 13, 2017, and it was docketed on November 20, 2017. (O.R. Item 126.) At that time, Defendants' preliminary objections, filed March 29, 2017, remained outstanding. (O.R. Item 154.) Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that a party may move for summary judgment "*[a]fter the relevant pleadings are closed*, but within such time as

16

not to unreasonably delay trial . . . ." Pa.R.C.P. No. 1035.2 (emphasis added). Preliminary objections are relevant pleadings. *See* Pa.R.C.P. No. 1017(a)(4). Plainly, the relevant pleadings were not closed at the time that Caldwell filed his motion, and the trial court did not err in denying it as premature.

## Discovery Motions

Caldwell additionally argues that the trial court erred in denying various requests for subpoenas under Pa.R.C.P. No. 4009.1. (Caldwell's Br. at 11-12.) The trial court denied Caldwell's request on October 5, 2018, noting that Caldwell's "request for the issuance of subpoenas is premature as no evidentiary hearing has been scheduled." (Trial Ct. Order, 10/5/2018, at 2; O.R. Item 75.) The trial court added that Caldwell's request appeared to seek records going back to 2001. *Id.* Although the court denied Caldwell's request, it did so without prejudice, stating that "this may be material that may be requested in the discovery phase." *Id.*

"Discovery matters are within the discretion of the trial court and the appellate court employs an abuse of discretion standard of review." *Luckett v. Blaine*, 850 A.2d 811, 818 (Pa. Cmwlth. 2004) (citing *Luszczynski v. Bradley*, 729 A.2d 83, 87 (Pa. Super. 1999)). We find no abuse of discretion in the trial court's rationale. "Every court has the inherent power to schedule disposition of the cases on its docket to advance a fair and efficient adjudication. Incidental to this power is the power to stay proceedings, including discovery." *Id.* at 819. In *Luckett*, certain defendants to a *pro se* prisoner's complaint had filed preliminary objections in the nature of a demurrer, and the trial court stayed discovery, including the plaintiff's request for production of "documents and things," similar to Caldwell's. We held that "the interests of justice were served by permitting [the defendants] the opportunity to show that the claims

17

raised in the [c]omplaint failed to state a cause of action before burdening them with discovery demands." *Id.* "Where the defendant has demurred to the complaint," we explained, "it cannot be determined whether the discovery sought by the plaintiff is even relevant." *Id.* Therefore, we found no abuse of discretion in the trial court's "refusal to permit discovery by any party before ruling on the preliminary objections of defendants." *Id.* The same rationale applies here, as the trial court wished to resolve the matters arising on preliminary objections before burdening Defendants with discovery requests. The trial court, moreover, expressly stated that it would revisit the matter during the discovery phase of the litigation. We find no abuse of discretion in the trial court's decision.

## Motions for Default Judgment

Caldwell filed numerous motions throughout this litigation requesting the entry of a default judgment against Defendants. The issue appears to have revolved around Defendants' repeated contention that Caldwell had not served original process upon them, and that they were thus unaware that Caldwell had filed any pleadings requiring response. The trial court ultimately ordered the Prothonotary and the Sheriff of Greene County to make service on the Defendants on March 8, 2017. (O.R. Item 164.) Defendants nonetheless filed preliminary objections arguing, *inter alia*, that they had not been served with original process. The trial court overruled this preliminary objection in its August 17, 2018 order, finding the argument "disingenuous" or that Defendants had "otherwise waived any claim with regard to lack of personal jurisdiction or service of original process." (Trial Ct. Order, 8/17/2018, at 2-3.)

Caldwell references the trial court's determination that Defendants "waived" their objection based upon improper service, and he suggests that this entitled

18

him to a default judgment. (Caldwell's Br. at 7-8.) Caldwell is incorrect. The relevant portion of the trial court's order merely overruled a preliminary objection advanced by Defendants. It did not determine that Caldwell is entitled to a default judgment.

Beyond Caldwell's argument concerning Defendants' "waiver," he does not develop any argument in his brief as to why a default judgment was appropriate. He does not identify any relevant dates of filings, nor does he cite to any authority on the matter. We conclude, therefore, that this claim is waived for failure to develop a meaningful argument. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

The order of the trial court is affirmed.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clay Caldwell,                                          :
                Appellant                    :
                            :
                            :    No.  365 C.D. 2020
                v.                          :
                            :

The Department of Corrections,                         :
Jeffrey A. Beard, Louis Folino, Officer            :
Ma Price, Officer Gagnon, Officer                  :
Norman, Officer Lukachyk, Officer                 :
J. Miller, Officer Topka and                          :
Officer Sokol                                               :

## PER CURIAM

## ORDER

AND NOW, this 31st day of March, 2021, the order of the Court of Common Pleas of Greene County is AFFIRMED.